**Mark Andrew LEWIS, Appellant,**

v.

**William STEPHENS, Warden II of the Stevenson Unit, et al., Appellees.**

No. 13–97–118–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 6, 1997.

Mark Andrew Lewis, Cuero, for Appellant.

Wayne Scott, Huntsville, for Appellees.

Before SEERDEN, C.J., and CHAVEZ and RODRIGUEZ, JJ.

## OPINION ON MOTION FOR REHEARING

CHAVEZ, Justice.

Appellant, Mark Andrew Lewis ("Lewis"), is a Texas Department of Criminal Justice ("TDCJ") inmate. Lewis's suit against various TDCJ personnel was dismissed by the trial court, and he appealed to this Court. We affirmed the trial court in our opinion of August 28, 1997, and we shall overrule Lewis's motion for rehearing.

### Factual summary

Lewis had been punished for violating a TDCJ disciplinary rule. As a consequence, he was removed from the TDCJ's school system for prisoners. Rather than exhausting administrative remedies through TDCJ, Lewis filed a lawsuit in the district court seeking, *inter alia,* declaratory and mandamus relief. The trial court dismissed the lawsuit for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies

Code. This appeal ensued on two points of error, both of which were overruled.

### Discussion

Lewis's motion for rehearing focuses on several issues, including the propriety of mandamus relief and the exhaustion doctrine. His mandamus argument relates to section 501.005(b) of the Texas Government Code. Tex.Gov't Code Ann. § 501.005(b) (Vernon Supp.1997) ("The institutional division shall require illiterate inmates housed in facilities operated by the division to receive not less than five or more than eight hours a week of reading instruction."). However, we do not feel compelled to re-visit that argument in this opinion; rather, we focus on the exhaustion doctrine, in order to clarify its applicability to inmate litigation.

The TDCJ is charged with maintaining "a system for the resolution of grievances by inmates housed in facilities operated by the [TDCJ.]" Tex.Gov't Code Ann. § 501.008(a) (Vernon Supp.1997). The TDCJ grievance system is an inmate's exclusive administrative remedy for claims against the TDCJ arising from his incarceration by TDCJ. Id. "An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until: (1) the inmate receives a written decision issued by the highest authority provided for in the grievance system; or (2) if the inmate has not received a written decision described by subdivision (1), the 180th day after the date the grievance is filed." Tex.Gov't Code Ann. § 501.008(d) (Vernon Supp.1997).

"An inmate who files a claim that is subject to the grievance system established under Section 501.008, [Texas] Government Code, shall file with the court: (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and (2) a copy of the written decision from the grievance system." Tex. Civ.Prac. & Rem.Code.Ann. § 14.005(a) (Vernon Supp.1997). "If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed 180 days to permit completion of the griev-

ance system procedure." Tex.Civ.Prac. & Rem.Code.Ann. § 14.005(c) (Vernon Supp. 1997).

Lewis complains that the trial court failed to comply with Texas Civil Practice and Remedies Code, section 14.005(c), by not automatically staying the lawsuit to allow Lewis to complete administrative proceedings. However, in his "complaint" (which we treat as a petition), he alleges that the TDCJ grievance system does not comport with state and federal law, "thus rendering exhaustion of the procedure nonbinding on the plaintiff." Lewis's allegations could not have apprised the trial court of the existence, if any, of pending administrative proceedings.

Although Texas jurisprudence is silent on the point, we believe it clear that, for an inmate to claim the benefit of Texas Civil Practice & Remedies Code, section 14.005(c), he must first alert the trial court to the pendency of an administrative proceeding. We note that an inmate desiring the benefit of state-court litigation (albeit after administrative review) bears a similar responsibility. Tex.Civ.Prac. & Rem.Code. Ann. § 14.005(a) (Vernon Supp.1997). The record in the instant case reveals no evidence of the pendency of administrative review; to the contrary, Lewis alleged that the TDCJ grievance system was "nonbinding" on him. Accordingly, the trial court did not err by dismissing the suit. See Birdo v. Schwartzer, 883 S.W.2d 386, 388 (Tex. App.—Waco 1994, no writ) (dismissal of in forma pauperis action under Chapter 13 of the Texas Civil Practice and Remedies Code).

The motion for rehearing is overruled.