Leo Jessie Smoot III















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-333-CV

     LEO JESSIE SMOOT III,
                                                                              Appellant
     v.

     CO3 MS. FORESTER AND 
     WARDEN T. MORGAN,
                                                                              Appellees
 

From the 87th District Court
Freestone County, Texas
Trial Court # 97-060-B
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Smoot appeals from an order of the trial court dismissing his pro se in forma
pauperis lawsuit.
      Appellant, a prison inmate, filed this suit on March 3, 1997, against CO3 Ms. Forester, a
correctional officer, and T. Morgan, senior warden, both at the Boyd Unit in Teague. Appellant
alleged that Appellee Forester slammed a wing door into his back, almost knocking him to the
floor, aggravating his prior back injury and surgery. Appellant alleged that Appellee Morgan
failed to properly supervise Forester and failed to insure Appellant's safety from the unlawful acts
of Forester who had a past history of such acts. Appellant sought damages of $35,000 from each
Appellee.
      Appellant's petition states that his claims have been through all three steps of the Prison
Grievance System and that he was denied relief from Step 3 on January 3, 1997.
      Appellees filed a motion to dismiss Appellant's lawsuit on November 6, 1997, alleging,
among other matters, that Appellant failed to file his lawsuit within 31 days of receiving final
determination through the inmate grievance system as required by Texas Civil Practice &
Remedies Code § 14.005(b). The trial court, on December 3, 1997, dismissed Appellant's suit
with prejudice.
      Appellant appeals contending that the Texas Civil Practice & Remedies Code, Chapter 14,
§ 14.001, et seq., as a whole, and § 14.005(b), in particular, are "unconstitutional and void and
is no law."
      Sec. 14.005. Grievance System Decision; Exhaustion of Administrative Remedies.
 
      (a)  An inmate who files a claim that is subject to the grievance system established
under § 501.008, Government Code, shall file with the court:
 
            (1)  an affidavit or unsworn declaration stating the date that the grievance
was filed and the date the written decision described by § 501.008(d),
Government Code, was received by the inmate; and
 
            (2)  a copy of the written decision from grievance system.
 
      (b)  A court shall dismiss a claim if the inmate fails to file the claim before the 31st
day after the date the inmate received the written decision from the grievance
system.
      Appellant failed to file a copy of his inmate grievances, or the decision of the grievance
system, and failed to file this lawsuit within 31 days of the final grievance decision. His petition
in this case was filed on March 3, 1997; the final grievance system decision was made on January
3, 1997, a period of 61 days before Appellant filed this case.
      Appellant argues that while an inmate who files his lawsuit informa pauperis is required by
§ 14.005(b) to file his lawsuit within 31 days of the written decision from the grievance system,
an inmate who pays his filing fees has up to two years to file his lawsuit. Appellant argues that
this shows a separation of the poor and the people with money and is in direct conflict/violation
of the equal treatment clause of both the Texas and United States constitutional protections. He
also asserts that § 14.001, et seq., being unconstitutional, must be disregarded.
      Both Texas and Federal equal protection guarantees relate to equality between persons as
such. Equal protection challenges, under the Texas Constitution, are reviewed under a multi-tiered system. Generally, it is required only that the classification under challenge be rationally
related to a legitimate State purpose. The general rule gives way when the classification impinges
upon the exercise of a fundamental right, or where the classification distinguishes between people
in terms of any right on a "suspect" basis, such as race or national origin. In those cases the State
is subjected to strict scrutiny requiring the classification to be tailored to serve a compelling
government interest. Richards v. LULAC, 868 S.W.2d 307, 310-ll (Tex. 1994).
      Neither prisoners nor indigents constitute a "suspect" class. Therefore we review the statute
[Chapter 14] to determine whether it is rationally related to a legitimate State purpose. Deterring
frivolous and malicious lawsuits and thereby preserving scarce judicial resources is a legitimate
State interest and purpose. Prisoners have substantially more free time than do non-prisoners, and
are provided with food, housing, paper, postage, and legal assistance by the government. 
Furthermore, pro se informa pauperis litigation has become recreational activity for prisoners and
prisoners have abused the judicial system in a manner that non-prisoners have not. Carson v.
Johnson, 112 F.3d, 818-821-22 (5th Cir. 1997) (Carson states that both the 4th and 5th Circuits
are in accord). 
      A dismissal is proper when an inmate fails to comply with the requirements of § 14.005. The
supplementary filing requirements set out in § 14.005 are rationally related to a legitimate State
interest and purpose in controlling frivolous inmate litigation. Hickson v. Moya, et al., 926
S.W.2d 397 (Tex. App.—Waco 1996); Birdo v. Schwartzer, 883 S.W.2d 386 (Tex. App.—Waco
1994); Lewis v. Stephens, 957 S.W.2d 879, 880 (Tex. App.—Corpus Christi 1997).
      Chapter 14, § 14.005, in particular, are not violative of the Texas or the United States
Constitutions, and the trial court did not abuse its discretion in dismissing Appellant's suit.
      All of Appellant's contentions are overruled. The judgement is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 15, 1998
Do not publish