NUMBER
13-01-00790-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

                                                                                                                       


JERALDMAIN CRAIN,                                                  Appellant,

 

                                                   v.

 

THOMAS J. PRASIFKA,
RICHARD MORRIS,

AND MARY GONZALEZ,                                                      Appellees.

                                                                                                                       


        On appeal from
the 156th District Court of Bee County, Texas.

                                                                                                                       


                                   O
P I N I O N

 

                     Before
Justices Hinojosa, Yañez, and Castillo

                                 Opinion by
Justice Hinojosa

 








Appellant, Jeraldmain
Crain, an inmate in the Institutional Division of the Texas Department of
Criminal Justice (ATDCJ@), sued appellees,
Thomas Prasifka, Richard Morris, and Mary Gonzalez,[1]
for failing to protect him from sexual assault by another inmate.  In three issues, appellant contends the trial
court erred in dismissing his case with prejudice.  We reverse and remand.

A.  Background

Appellant was placed in
TDCJ=s McConnell Unit in Bee
County on September 25, 2000.  In his
petition, appellant alleged: (1) that upon his arrival at the McConnell Unit,
he was taken before the Unit Classification Committee (AUCC@), and his request that
he be placed in safekeeping[2]
because he is a homosexual, was denied; (2) on September 29, 2000, he again
requested safekeeping after two inmates physically threatened him; (3) on
October 2, 2000, he again appeared before the UCC, and his request for
safekeeping was again denied; (4) he was subsequently placed in a cell with
Terry McGee, an inmate who had a history of sexual misconduct and assault; (5)
McGee sexually assaulted him on October 6, 2000; (6) on October 12, 2000, he
sent Prasifka a letter, informing him of the sexual assault and complaining
that by refusing to grant him safekeeping, Morris and Gonzalez were
deliberately indifferent to his safety; (7) McGee continued to sexually assault
him until October 16, 2000, when appellant was taken to the infirmary; and (8)
he was later moved to another cell.








 The two-step AOffender Grievance Program@ is the sole source of
administrative remedy for TDCJ inmates. 
TDCJ provides inmates with a standardized Astep 1" grievance form.  TDCJ responds to the inmate=s grievance on the
reverse side of the form.  The response
is called an Aadministrative decision.@  As part of the standardized form, in fine
print, the reverse side of the Astep 1" grievance
form advises:  AIf you are dissatisfied
with the step 1 response, you may submit a step 2."

On October 14, 2000,
appellant filed a Astep 1" grievance,
complaining of the events which occurred prior to that date.  He received an administrative decision, dated
November 18, 2000, which stated: Adue to the nature of
your complaint, a copy of this grievance will be forwarded through the
Administrator of Offender Grievance Program to the Internal Affairs Division.@  Appellant did not file a Astep 2" grievance.

Appellant subsequently
sued appellees.  Appellees moved the
trial court to dismiss the case because appellant=s pleadings did not show that he had exhausted his
administrative remedies, as required by statute.  After a hearing, the trial court granted
appellees= motion and dismissed
the case Awith prejudice.@

                                             B.  Issues
Presented

In his first issue,
appellant complains the trial court did not allow him to present evidence of
exhaustion of remedies, including administrative irregularities.  In his second issue, appellant contends the
trial court misconstrued chapter 14 of the Texas Civil Practice and Remedies
Code.  In his third issue, appellant
asserts the trial court abused its discretion by dismissing his case Awith prejudice.@

                                                    C. 
Analysis

We review a trial court=s action on a motion to
dismiss under an abuse of discretion standard. 
Dillon v. Ousley, 890 S.W.2d 500, 501 (Tex. App.--Corpus Christi
1994, no writ).  We determine whether the
trial court acted without reference to guiding principles.  Id.  We
determine whether the action was arbitrary or unreasonable.  Id.  








The trial court did not
state the basis for the dismissal; it simply granted appellees= motion.  In their motion, appellees asserted that
appellant had failed to comply with section 14.005 of the Texas Civil Practice and Remedies Code.

Section 14.005 of the
civil practice and remedies code provides:

' 14.005.    Grievance System Decision;  Exhaustion of Administrative Remedies 

 

(a)              
An inmate who
files a claim that is subject to the grievance system established under Section
501.008, Government Code, shall file with the court: 

 

(1)             
an affidavit
or unsworn declaration stating the date that the grievance was filed and the
date the written decision described by Section 501.008(d), Government Code, was
received by the inmate; and 

 

(2)             
a copy of the
written decision from the grievance system. 

 

(b)              
A court shall
dismiss a claim if the inmate fails to file the claim before the 31st day after
the date the inmate receives the written decision from the grievance system.

  

(c)              
If a claim is
filed before the grievance system procedure is complete, the court shall
stay the proceeding with respect to the claim for a period not to exceed 180
days to permit completion of the grievance system procedure.

 

Tex. Civ. Prac. &  Rem. Code Ann. ' 14.005
(Vernon Supp.  2002) (emphasis added). 








Appellant filed a Astep 1@ grievance and received an administrative decision
from TDCJ that the grievance was being forwarded to the Internal Affairs
Division.  At the hearing on appellees= motion to dismiss, appellant argued that he did
not need to fill out the Astep 2" grievance form because his grievance
had already been referred to the highest authority in the grievance system, the
Internal Affairs Division.  In other
words, appellant=s Astep 1" grievance was made a Astep 2" grievance by TDCJ.  Appellees argued sections 14.005(a) and (b)
of the civil practice and remedies code, but did not address section
14.005(c).  See id.  For an inmate to claim the benefit of section
14.005(c), he must first alert the trial court to the pendency of an
administrative proceeding.  Lewis v.
Stephens, 957 S.W.2d 879, 880 (Tex. App.BCorpus Christi 1997, no pet.).

In Lewis, we held that the inmate had not
alerted the trial court to the pendency of an administrative proceeding,
because he denied that the grievance system applied to him.  Id. 
Lewis contended he was not bound by the grievance system because it did
not comply with state and federal law.  Id.  Thus, he did not intend to exhaust his
administrative remedies.  Id.

In the instant case, appellant expressly told the
trial court that he was bound by the grievance system.  The record shows that appellant alerted the
trial court to the pendency of the administrative proceeding.  Furthermore, it is clear from the pleadings
that appellant had not received a final decision from TDCJ=s Internal Affairs Division.

The terms of section 14.005(c) are mandatory.  The trial court shall stay the
proceeding when the grievance system procedure is incomplete.  See Tex.
Civ. Prac. &  Rem. Code Ann. ' 14.005(c) (Vernon Supp.  2002). 
We conclude the trial court=s dismissal order is unreasonable in that it is
contrary to section 14.005(c), and without justification.   Accordingly, we hold the trial court abused
its discretion in dismissing appellant=s case. 
Appellant=s second and third issues are sustained.  In light of our disposition of these two
issues, it is not necessary to address appellant=s first issue. 
See Tex. R. App. P. 47.1.

We reverse the trial court=s order of dismissal and remand the case to the
trial court for further proceedings consistent with this opinion.

FEDERICO G.
HINOJOSA

Justice

 

Publish. 
Tex. R. App. P. 47.3.

Opinion delivered and filed this the

18th day of July, 2002.











[1]
Thomas Prasifka is
the warden of TDCJ=s McConnell Unit.  Richard Morris and Mary Gonzalez are members
of the McConnell Unit Classification Committee.





[2] Safekeeping, or
safekeeping status, is a form of protective custody in which a prisoner is
shielded from the general population of the prison due to individual
circumstances which put him at risk.