v01770.mc1










NUMBER 13-01-770-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 

OLIVER J. LEWIS, Appellant,
v.


GARY L. JOHNSON, ET AL., Appellees.

 

On appeal from the 267th District Court of De Witt County, Texas.


O P I N I O N

Before Justices Hinojosa, Castillo, and Chavez (1)

Opinion by Justice Chavez

 

 Oliver Lewis brought a lawsuit, pro se and in forma pauperis, against the director of the Texas Department of Criminal
Justice and other department employees (2) for damages allegedly sustained when the department employees searched his
cell and took and damaged his personal property. Lewis also contended his constitutional rights were violated when the
department's employees harassed him and retaliated against him after having filed suit in federal court. On appellees'
motion, the trial court dismissed Lewis's suit for failure to comply with the procedural rules of the Texas Civil Practices &
Remedies Code, which required him to file his lawsuit within thirty-one days following the date he received a written
decision from the grievance system. (3) We affirm. 

 The Texas Legislature, in order to control the flood of frivolous lawsuits brought by prison inmates, enacted special
procedural rules that are set out in chapter 14 of the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code
Ann. §§ 14.001-.014 (Vernon 2002). Inmates who avail themselves of the department's grievance system (4)

 are required to file with the court an affidavit or unsworn declaration stating the date that the grievance was filed and the
date the written decision of the highest authority provided for in the grievance system was received by the inmate. (5) 

 The record reflects that Lewis failed to comply with the requirement to file a separate affidavit or declaration stating the
date the grievance was filed and the date he received a written decision. See Tex. Civ. Prac. & Rem. Code Ann. §
14.005(a)(1) (Vernon 2002). He did file, however, a copy of the "Step 2" complaint that he made on November 3, 2000,
along with the written decision from the appellate division, which is dated December 5, 2000. Lewis's original petition in
this suit was filed in the 267th Judicial District Court on February 2, 2001. Thus, although Lewis failed to establish by
affidavit the date he received the decision, the lawsuit was apparently filed more than thirty-one days after the date he
received the written decision. 

 Lewis presents three issues in his appeal. In his third issue, he argues the trial court abused its discretion by: (1) dismissing
his complaint without allowing him to timely respond to appellees' motion to dismiss; and (2) failing to consider the
hardship imposed on him by having to obtain copies of his Step 1 and 2 grievances from outside persons. 

 Review of dismissal of cases brought under chapter fourteen of the civil practice and remedies code is controlled by the
abuse of discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.-Waco 1996, no writ). To establish an
abuse of discretion, appellant must show that the trial court's action was arbitrary or unreasonable in light of all the
circumstances in the case, i.e., whether the trial court acted without reference to any guiding rules and principles. Thomas
v. Knight, 52 S.W.3d 292, 294 (Tex. App.-Corpus Christi 2002, pet. denied); see Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-43 (Tex. 1985). 

Section 14.005(b) mandates that the court shall dismiss a claim if the inmate fails to file the claim before the 31st day after
the date that he receives the written decision from the grievance system. Tex. Civ. Prac. & Rem. Code Ann. §14.005(b)
(Vernon 2002). The copy of the written decision filed by Lewis shows that the decision was made on December 5, 2000. 
Suit was not filed until February 2, 2001, fifty-nine days after the decision was made. Appellees filed their motion to
dismiss on October 15, 2001, alleging that Lewis had not complied with section 14.005(b) because he had failed to file his
lawsuit within the thirty-one day limitations period following receipt of the written decision from the grievance system. 
The court, without holding a hearing, granted the motion and dismissed the lawsuit without prejudice on October 16, 2001. 
The order was recorded on October 19, 2001. On October 22, the clerk mailed a copy of the order to Lewis. On that same
day, Lewis mailed his response to appellees' motion to dismiss. The record does not show that the trial court ever ruled on
Lewis's response. 

Dismissing a lawsuit without a hearing does raise due process concerns. Creel v. District Atty. for Medina County, 818
S.W.2d 45, 46 (Tex. 1991) (trial court acted improperly when it summarily dismissed petition for writ of mandamus
without notice or hearing). Lewis's response to appellees' motion to dismiss is titled as "Plaintiff's Motion to Stay
Mandate." In part of his response, Lewis contends that he is incarcerated, is without resources, and that he was told he
would not be allowed to have copies made at the unit level as long as he had relatives living in the "outside world." He
does not deny that he had received or had in his possession the written decision of the grievance panel at the time he filed
his lawsuit. 

Although section 14.005(a)(1) of the Texas Civil Practices & Remedies Code requires the filing of an affidavit or unsworn
declaration stating the date the grievance was filed and the date the written decision was received by the inmate, the statute
does not specify when that filing is to occur. See Tex. Civ. Prac. & Rem. Code Ann. §14.005(a)(1) (Vernon 2002). 
Similarly, section 14.005 (a)(2) requires the inmate to file a copy of the written decision from the grievance system, but it
also does not specify when that filing is to be made. See id. at §14.005(a)(2). Therefore, failure to file a copy of the written
decision with the original petition is not an immediately fatal defect. Should an inmate file a lawsuit without a copy of the
written decision from the grievance system, the trial court, in the absence of any mandatory language to the contrary, has
discretion to stay the proceedings for a time certain to allow the inmate to file the copy. See Thomas v. Skinner,54 S.W.3d
845, 847 (Tex. App.-Corpus Christi 2001, pet. denied) (holding dismissal with prejudice is improper if the plaintiff's failure
to comply with chapter fourteen can be remedied). 

On the other hand, section 14.005(b) requires dismissal of a claim only when it is not filed before the 31st day after an
inmate receives a written decision from the grievance system. Tex. Civ. Prac. & Rem. Code Ann. §14.005(b) (Vernon
2002). However, by dismissing the lawsuit without prejudice, the trial court did not rule on the merits of Lewis's
complaints. Even if the court had set a date to conduct a hearing on appellees' motion and had considered Lewis's
response, the outcome would have been the same because the statute allowed the court no discretion but to dismiss the
lawsuit. See id. (6) Under these circumstances, we cannot say that Lewis's due process rights were violated or that the court
abused its discretion in dismissing the lawsuit. 

 We overrule appellant's third issue. Because of our disposition of this issue, we need not address appellant's other issues. 
See Tex. R. App. P 47.1

The judgment of the trial court is affirmed.

 

MELCHOR CHAVEZ

Justice




Opinion delivered and filed this the

6th day of February, 2003.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 75.002 (Vernon 1998).

2. Appellees are Gary L. Johnson, William P. Windham, Juan J. Moreno, Randy R. Riggs, James C. Schroedter, Donald R.
Reyna, and Brenda Chaney. 

3. See Tex. Civ. Prac. & Rem. Code Ann. §14.005(b) (Vernon 2002). 

4. See Tex. Gov't Code Ann. § 501.008 (Vernon 1998).

5. See Tex. Civ. Prac. & Rem. Code Ann. §14.005(a)(1) (Vernon 2002). 

6. The statute provides: "A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date
the inmate receives the written decision from the grievance system." Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b)
(Vernon 2002) (emphasis added).