NUMBER 13-01-395-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
CLYDE NUBINE,                                                                           Appellant,
v.
JAVIER HERRERA, ET AL.,                                                        Appellees.



On appeal from the 343rd District Court
of Bee County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo
 
Opinion by Chief Justice Valdez
 
          Appellant, Clyde Nubine, an inmate in the Texas Department of Criminal Justice
Institutional Division, appeals the dismissal of his pro se case under chapter fourteen of
the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003
(Vernon 2002). The trial court, on its own motion, dismissed appellant’s suit because it
determined appellant’s claim was “frivolous,” the chance of success of the claim was slight,
and the claim had no arguable basis in law or fact. We affirm.
Facts and Procedural History
          As this is a memorandum opinion and the parties are familiar with the facts of the
case, we will not recite them here except as necessary to advise the parties of this Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
Analysis 
          We review the dismissal of an inmate’s claim under chapter fourteen of the civil
practices and remedies code for abuse of discretion. Spurlock v. Schroedter, 88 S.W.3d
733, 735 (Tex. App.–Corpus Christi 2002, no pet.). An abuse of discretion occurs if the
trial court acts arbitrarily, unreasonably, or without reference to any guiding rules or
principles. Lewis v. Johnson, 97 S.W.3d 885, 887 (Tex. App.–Corpus Christi 2003, no
pet.). A court may dismiss a claim as frivolous, either before or after service of process,
by considering whether: (1) the claim’s realistic chance of ultimate success is slight; (2)
the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove
facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts. Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(b) (Vernon 2002); Spurlock, 88 S.W.3d at 736. If the trial court
does not conduct a fact hearing when it dismisses the case, the issue on appeal is whether
there was no arguable basis in law for the suit. Spurlock, 88 S.W.3d at 736; Martin v. Tex.
Bd. Criminal Justice, 60 S.W.3d 226, 229 (Tex. App.–Corpus Christi 2001, no pet.). Here,
the record shows the trial court did not conduct a hearing before it dismissed the suit. 
Therefore, we look to see if appellant had any arguable basis in law for his suit. Spurlock,
88 S.W.3d at 736. 
          An inmate may not file a claim in state court regarding operative facts for which the
grievance system described in section 501.008 of the government code provides the
exclusive administrative remedy until: (1) the inmate receives a written decision issued by
the highest authority provided for in the grievance system; or (2) the 180th day after the
grievance is filed if the inmate has not received a written decision. Tex. Gov’t Code Ann.
§ 501.008(d) (Vernon 1998); Lewis v. Stephens, 957 S.W.2d 879, 880 (Tex. App.–Corpus
Christi 1997, no pet.) (op. on reh’g). An inmate who files a claim in state court under
section 501.008 of the government code must file an affidavit stating the date a grievance
was filed, the date a written decision was received, and include a copy of the written
decision. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a) (Vernon 2002). If an inmate files
a claim “before the grievance system procedure is complete, the court shall stay the
proceeding with respect to the claim for a period not to exceed 180 days to permit
completion of the grievance system procedure.” Id. § 14.005(c). However, to claim the
benefit of section 14.005(c), an inmate “must alert the trial court to the pendency of an
administrative proceeding.” Stephens, 957 S.W.2d at 880. It is not error for the trial court
to dismiss the suit if the inmate does not inform the trial court of the existence of any
pending administrative proceedings. Id.
          Here, appellant’s section 14.005 affidavit admits he did not exhaust his
administrative remedies because he was “stonewalled” by prison officials. The record
contains a copy of his Step 1 grievance form, which was returned to appellant because it
was “illegible/incomprehensible.” The record also contains a letter from an administrator
of the grievance system informing appellant he cannot proceed with Step 2 of the
grievance process because his Step 1 grievance form was improperly submitted. The
record does not reflect that appellant properly resubmitted his Step 1 grievance. Further,
the record shows appellant neither obtained a final decision from the highest authority
provided for in the grievance system nor informed the trial court of any pending
administrative proceedings. Accordingly, we hold the trial court did not abuse its discretion
when it dismissed appellant’s claim as frivolous because appellant failed to exhaust his
administrative remedies. See Stephens, 957 S.W.2d at 880; Retzlaff v. Tex. Dep’t of
Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.–Houston [14th Dist.] 2002, pet. denied)
(“a claim has no arguable basis in law if a prisoner fails to exhaust his administrative
remedies”); see also Smith v. Tex. Dep’t of Criminal Justice, 33 S.W.3d 338, 341(Tex.
App.–Texarkana 2000, pet. denied) (noting purpose of section 14.005 is to allow trial court
to dismiss suit if inmate fails to provide information required by statute). 
Conclusion
          The trial court judgment is affirmed.
 

 
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Opinion delivered and filed
this 15th day of April, 2004.