Affirmed and Memorandum Opinion filed April 20, 2004









Affirmed and Memorandum Opinion filed April 20, 2004.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00972-CV

____________

 

JEFFREY MACK
CHAPIN,
Appellant

 

V.

 

TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, JANIE COCKRELL, JOE S. FERNALD, G.
MOHR, PRISCILLA DALY, KELLI WARD, ROBERT LOSACK, JERRY WEBSTER, L. BELL, and B.
BOONE,
Appellees

 



 

On Appeal from the 12th
District Court

Walker County, Texas

Trial Court Cause No. 22,068

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Jeffrey Mack Chapin, sued the
Texas Department of Criminal Justice, Institutional Division and various
employees (collectively, ATDCJ@)[1]
for failing to allow him to take Aan emergency
shower@ after he came
into contact with a number of cleaning chemicals causing burns and for
retaliating against him for filing a grievance by confiscating his
typewriter.  The trial court ordered the
Texas Attorney General to file as amicus curiae an advisory as to whether
Chapin had satisfied all filing requirements under Chapter 14 of the Texas
Civil Practice and Remedies Code necessary to maintaining his lawsuit.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 14.001B014 (Vernon
2002).  On June 12, 2003, the Attorney
General filed an amicus curiae report advising the trial court that Chapin had
not satisfied all requirements under Chapter 14 and recommended that Chapin=s claims be
dismissed.  On June 16, 2003, the trial
court dismissed Chapin=s claims as frivolous.  On appeal, Chapin contends the trial court
abused its discretion in dismissing his claims. 
We affirm.  

We review the trial court=s dismissal of an
inmate=s claims under
Chapter 14 for an abuse of discretion.  Retzlaff
v. Texas Dep=t of Criminal Justice, 94 S.W.3d 650,
654 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  A trial court abuses its
discretion when it acts without reference to any guiding rules and principles,
or its actions are arbitrary or unreasonable based on the circumstances of the
particular case.  Id.  Appellant bears the burden of overcoming the
presumption that the trial court=s action was
justified.  Id.  

The trial court may dismiss an inmate suit
before or after service of process if it determines the suit is frivolous or
malicious.  Tex. Civ. Prac. & Rem. Code Ann. '
14.003(a)(2).  In determining whether the
suit is frivolous or malicious, the trial court may consider whether (1) the
claim=s realistic chance
of ultimate success is slight; (2) the claim has no arguable basis in law or in
fact; (3) it is clear the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate
because it arises from the same operative facts.  Id. at ' 14.003(b).  








Section 14.004 requires an inmate who
files an affidavit or unsworn declaration of inability to pay costs to file a
separate affidavit or declaration identifying all pro se lawsuits (except those
filed under the Texas Family Code) the inmate has previously filed, specifying
the operative facts for which relief was sought, the case name, cause number,
the court in which it was brought, the names of the parties, and the result of
the suit, including whether it was dismissed as frivolous or malicious.  Tex.
Civ. Prac. & Rem Code Ann. ' 14.004(a).  The Texas Legislature enacted section 14.004
to curb the problem of constant, often duplicative, inmate litigation by
requiring the inmate to notify the trial court of previous litigation and the
outcome of such litigation.  Clark v.
J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex. App.CHouston [1st
Dist.] 2000, pet. denied); Bell v. Texas Dep=t of Criminal
Justice, 962 S.W.2d 156, 158 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).  The trial
court can determine, based on previous filings, whether the suit is frivolous
because the inmate has already filed a similar claim.  Clark, 23 S.W.3d at 422; Bell,
962 S.W.2d at 158.  Without information
on appellant=s previous lawsuits, the trial court is
unable to consider whether appellant=s current claim is
substantially similar to a previous claim. 
Clark, 23 S.W.3d at 422; Bell, 962 S.W.2d at 158.  

Chapin contends the trial court abused its
discretion in dismissing his suit because he substantially complied with the
requisites of Chapter 14.  To the
contrary, the record reflects that while appellant filed a APlaintiff=s Declaration
Relating to Previous Filings@ when he filed his
original petition listing two lawsuits, it does not state the operative facts,
the cause numbers, the courts in which those lawsuits were filed, or the result
of those suits.  Chapin=s declaration on
his previous filings does not meet the requirements of section 14.004.  When an inmate does not comply with the
affidavit requirements of section 14.004, the trial court is entitled to assume
the suit is substantially similar to one previously filed by the inmate and,
therefore, is frivolous.  Gowan v.
Texas Dep=t of Criminal Justice, 99 S.W.3d 319,
321 (Tex. App.CTexarkana 2003, no pet.); Obadele v.
Johnson, 60 S.W.3d 345, 348 (Tex. App.CHouston [14th
Dist.] 2001, no pet.); Clark, 23 S.W.3d at 422; Bell, 962 S.W.2d
at 158.  Thus, because Chapin did not
meet the requirements of section 14.004, the trial court was entitled to assume
this case was substantially similar to one previously filed by Chapin and
dismiss his claims.  








Chapin complains the trial court should
have considered his supplemental declaration on previous filings, which he
filed on June 18, 2003, two days after the trial court had dismissed his
claims.  Chapin=s supplemental
declaration lists five pro se lawsuits he had filed previously.  Chapin=s supplemental
declaration appears to comply with section 14.004.  However, because the trial court may dismiss
an action before or after service of process, the trial court is under no duty
to allow an inmate to cure any defects in the affidavit.  Hickman v. Adams, 35 S.W.3d 120, 125
(Tex. App.CHouston [14th Dist.] 2000, no pet.).  In any event, Chapin also failed to meet the
filing requirements of section 14.005.  

Under section 14.005, Chapin was also
required to exhaust his administrative remedies in the prison grievance
system.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(a); Tex. Gov=t Code Ann. ' 501.008 (Vernon 1998).  Section 14.005 requires the filing of an
affidavit or unsworn declaration stating the date the grievance was filed and
the date the written decision was received by the inmate and a copy of the
written decision from the grievance system. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 14.005(a)(1), (2).  Section 14.005 allows the trial court to
ensure that an inmate proceeding in forma pauperis has first used TDCJ=s grievance procedure,
if it is applicable to his claim.  Smith
v. Texas Dep=t of Criminal Justice, 33 S.W.3d 338,
341 (Tex. App.CTexarkana 2000, pet. denied).  The trial court is further entitled to use an
inmate=s failure to file
a section 14.005 affidavit or unsworn declaration in deciding whether to
dismiss the suit.  Draughon v.
Cockrell, 112 S.W.3d 775, 776 (Tex. App.CBeaumont 2003, no
pet.).  At the time he filed his original
petition, Chapin did not file an affidavit or unsworn declaration stating the
date his grievance was filed and the date he received the written decision, or file
a copy of the written decision. 








On June 18, 2003, after the trial court
dismissed his claims, Chapin filed an unsworn declaration related to two
grievances he filed.  Once again, Chapin
complains the trial court should have considered his post-dismissal unsworn
declaration on his grievances.  Section
14.005 allows the trial court to dismiss a suit when it is clear the inmate has
failed to provide the information required by the statute; therefore, the
information must be filed before it comes to the trial court for review.  Smith, 33 S.W.3d at 341.  Even if Chapin had filed his unsworn
declaration prior to the dismissal of his claims or if the trial court had
considered the declaration after dismissing the claims, the result would have
been the same. 

Section 14.005 further requires an inmate
to file his claim before the thirty-first day after the date he receives a
final, written decision from the prison grievance system.  Tex.
Civ. Prac. & Rem. Code Ann. '
14.005(2)(b).  Chapin stated in his
unsworn declaration that he received the written decision in the first
grievance on January 14, 2003, and the written decision in the second grievance
on April 14, 2003.  Chapin did not file
his original petition until May 21, 2003Cmore than 31 days
after he received either written decision. 
Compliance with section 14.005 is a prerequisite to judicial review of
inmate claims.  Retzlaff, 94
S.W.3d at 652.  Therefore, if the inmate
fails to file his claim before the thirty-first day after the date the inmate
received the written decision from the grievance system, the trial court must
dismiss the claim.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(b); Lewis
v. Johnson, 97 S.W.3d 885, 887 (Tex. App.CCorpus Christi
2003, no pet.); Smith, 33 S.W.3d at 340; see also Moreland v. Johnson,
95 S.W.3d 392, 395 (Tex. App.CHouston [1st
Dist.] 2002, no pet.) (stating suit that is not timely filed pursuant to
14.005(b) is barred and may be dismissed with prejudice).  Thus, section 14.005(b) allowed the trial
court no discretion but to dismiss Chapin=s claims.  See Lewis, 97 S.W.3d at 888 (AEven if the court
had set a date to conduct a hearing on appellees= motion and had
considered Lewis=s response, the outcome would have been
the same because the statute allowed the court no discretion but to dismiss the
lawsuit.@).  

Appellant further complains that the trial
court failed to make findings of fact and conclusions of law defining why it
dismissed his suit.  See Tex. R. Civ. P. 296, 297. 
However, Texas Rules of Civil Procedure 296 and 297 are not applicable
when an inmate=s case is dismissed pursuant to Chapter
14.  Retzlaff, 94 S.W.3d at
655.  








Chapin also complains that (1) the trial
court sua sponte should have appointed an attorney ad litem; (2) the
trial judge should have recused himself from this case for bias as evidenced by
allowing the Attorney General 60 days to respond to his petition and by not
hearing Athe correction
made by Appellant@; and (3) the trial court did not enter a
preliminary injunction to protect Chapin from any retaliation.  In view of the fact that the trial court was
required to dismiss Chapin=s claims, we find
the trial court did not err in failing to appoint an attorney ad litem, recuse
himself, or enter an injunction.  

Accordingly, the judgment of the trial
court is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed April 20, 2004.

Panel consists of Justices Yates,
Anderson, and Hudson.











[1]  Chapin sued
Janie Cockrell, Joe S. Fernald, G. Mohr, Priscilla Daly, Kelli Ward, Robert
Losack, Jerry Webster, L. Bell, and B. Boone.