NUMBER 13-07-00143-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


DONALD RAY MCCRAY, Appellant,


v.
 


FREDERICK LANGEHENNING, RUBY HINZ, 

EISMAEL RUIZ, AND MICHAEL RUPE, Appellees.

 


On appeal from the 343rd Distirct Court


 of Bee County, Texas.

 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez



 Appellant, Donald Ray McCray, appeals the dismissal of his civil lawsuit against four
employees of the Texas Department of Criminal Justice-Institutional Division. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002). In a single issue, appellant argues
that the trial court abused its discretion in dismissing his claim as frivolous. We affirm. 

I. Background

 Appellant is an inmate in the Ellis Unit, Texas Department of Criminal Justice-Institutional Division ("TDCJ") who, proceeding pro se, filed this lawsuit against appellees,
Fredrick Langehennig, Ruby Hinz, Eismael Ruiz, and Michael Rupe, in their official
capacities as TDCJ employees. In his petition, appellant alleged negligence, asserting that
appellees "failed to exercise ordinary care and breached the duty owed to [appellant]" by
"refus[ing] to comply with the law legal procedure . . . by placing [appellant] in direct threat
of death and bodily injury . . . that denied him a right to comply with a court order . . . in
violation of the medical decision issued by the TDCJ." As relief, appellant sought a
declaratory judgment for reasons that are incomprehensible. Reviewing the record in its
entirety, we have ascertained that the basis of appellant's complaint is that his request to
be classified as a "General Population Level 4" offender was denied. TDCJ filed a motion
to dismiss appellant's suit for failure to comply with the requirements of chapter fourteen
of the civil practice and remedies code governing inmate litigation. See id. §§ 14.001-.014. 
TDCJ argued that in addition to failing to comply with chapter 14 requirements, appellant's
suit should be dismissed as frivolous because his claims are barred by sovereign immunity. 
The trial court agreed and granted the TDCJ's motion to dismiss.

II. Applicable Law and Analysis

 When an inmate files a lawsuit and an affidavit of inability to pay costs, the suit may
be dismissed if the court finds it is frivolous or malicious. Id. § 14.002. In determining
whether a claim is frivolous or malicious, the court may consider whether it has no arguable
basis in law. Id. § 14.003(b)(2). Trial courts have broad discretion to determine whether
a case should be dismissed under chapter 14. Retzlaff v. Texas Dep't of Criminal Justice,
94 S.W.3d 650, 653 (Tex. App-Houston [14th Dist.] 2002, pet. denied); Montana v.
Patterson, 894 S.W.2d 812, 814-15 (Tex. App.-Tyler 1994, no writ). We will not interfere
with the exercise of that discretion absent proof the trial court abused its discretion, acting
arbitrarily or unreasonably in light of all circumstances in the case, without reference to any
guiding rules or principles. Lewis v. Johnson, 97 S.W.3d 885, 886-87 (Tex. App.-Corpus
Christi 2003, no pet.). 

 Appellant's petition provides no legal basis for his alleged negligence claims or his
attempt to seek a declaratory judgment. These claims were properly dismissed as having
no basis in law. Further, appellant refers to appellees as "agents . . . acting within the
scope of their employment." Suits against government employees in their official capacity
are in fact claims against the government. Ware v. Miller, 82 S.W.3d 795, 800 (Tex.
App.-Amarillo 2002, pet. denied). In Texas, a governmental unit is immune from suit and
liability unless the State consents. Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540,
542 (Tex. 2003); Tex. Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). 
Governmental immunity from suit defeats a court's subject-matter jurisdiction. Whitley, 104
S.W.3d at 542. In a suit against the State, as in this case, the plaintiff must allege consent
to suit either by reference to a statute or to express legislative permission. Texas Dep't of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Appellant's petition fails to mention
either. We conclude the trial court was well within its discretion in dismissing appellant's
case in its entirety. 

III. Conclusion 

 The judgment of the trial court is affirmed.

 _______________________

 ROGELIO VALDEZ

 Chief Justice


Memorandum Opinion delivered and 

filed this the 26th day of August, 2008.