

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00105-CV

_____

CARLOS A. ARMENTA, Appellant

V.

TDCJ-CID, ET AL., Appellees

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 08C1166-202

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Carlos A. Armenta appeals from the dismissal of his lawsuit against the Texas Department of Criminal Justice–Criminal Institutions Division (TDCJ-CID), et al. He contends the trial court erred by dismissing his lawsuit because he had properly asked for a stay of the lawsuit pursuant to Section 14.005(c) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(c) (Vernon 2002). That section provides:

> If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed 180 days to permit completion of the grievance system procedure.

The trial court dismissed the lawsuit without prejudice because Armenta had provided no information from which the court could determine whether Armenta had exhausted his remedies through the grievance system. Section 14.005(a) of the Texas Civil Practice and Remedies Code provides that an inmate must file an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received, along with a copy of the written decision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (Vernon 2002).

In this case, Armenta did not provide a copy of the initial grievance (which he claims was denied), and states that he filed an appeal from the ruling on the grievance, but did not file a copy of the document as support.

In his pleading, Armenta stated that he filed a grievance on May 5–7, 2008, and step two on June 8, 2008, and that all were denied. He does not state when they were denied, but did ask the trial

2

court to stay the action for up to 180 days so that the grievance system procedure could be completed. Armenta filed his petition on July 30, 2008.

Armenta argues on appeal that the trial court abused its discretion by dismissing his lawsuit without applying the mandatory language of Section 14.005(c) of the Texas Civil Practice and Remedies Code. However, on its face, Armenta did not state when he received the written decision on the grievance. Armenta complains that he has not yet received the decision, and suggests that the State intentionally delayed receipt. However, the time limitation in Section 14.005 of the Texas Civil Practice and Remedies Code does not commence based on the date of the signing of the written decision—but on the date that the written decision is received by the inmate. A court shall dismiss a claim if "the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (Vernon 2002).

Review of a dismissal in inmate litigation under Chapter 14 is conducted through an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App—Waco 1996, no pet.). Abuse of discretion is determined by whether the court acted without reference to any guiding principles. *Id.* (citing *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)).

The trial court did not abuse its discretion in dismissing Armenta's suit for failure to file his suit within thirty-one days of receiving the written response to his grievance to comply with Section 14.005(b) of the Texas Civil Practice and Remedies Code. *See Moreland v. Johnson*, 95 S.W.3d

3

392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A suit that is not timely filed is barred, and may be dismissed. *Id.*; *Loyd v. Seidel*, No. 08-06-00114-CV, 2008 WL 821079 (Tex. App.—El Paso Mar. 27, 2008, no pet. h.) (mem. op., not designated for publication).

In this case, Armenta alleged that his claims had been denied, but did not state when he had received the written decision. Accordingly, under his own pleadings, he stated that the procedure was complete, but did not provide the information necessary for the court to determine whether it had jurisdiction over the case. Because he stated that his grievance had been denied, subsection (c) does not apply, as it covers only situations where the claim is filed before the grievance procedure is complete.

Where an inmate plaintiff did not provide proof that he or she had received a written decision from the highest grievance system authority for his or her grievances, nor provide a copy of any written decision from the grievance system, that plaintiff did not comply with Section 14.005 of the Texas Civil Practice and Remedies Code. Since Armenta failed to meet those filing requirements, the court did not abuse its discretion by dismissing his claim. *See Lewis v. Stephens*, 957 S.W.2d 879, 880 (Tex. App.—Corpus Christi 1997, no writ).

Armenta has not shown that the trial court abused its discretion by dismissing his lawsuit without prejudice.

4

We affirm the judgment.


Jack Carter
Justice


Date Submitted:     October 29, 2008
Date Decided:       October 30, 2008