

# NUMBER 13-09-00406-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PHILIP J. POHL,                                                                                    Appellant,

v.

TIM SIMMONS, DANIEL DICKERSON, ET AL.,                          Appellees.

### On appeal from the 258th District Court
### of Polk County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

Appellant, Philip J. Pohl, an inmate housed at the Polunsky Unit of the Texas

Department of Criminal Justice–Institutional Division ("TDCJ-ID"), appeals the trial court's

dismissal of his suit against various TDCJ-ID officials. By four issues, which we construe

as two,[1] Pohl contends that the trial court erred by dismissing his suit and by denying his

---

[1] We note that Pohl's pro se appellate brief falls woefully short of the standards set for such briefs in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1; *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."). Specifically, his brief lacks: (1) a table of contents "indicat[ing] the subject matter of each issue or point"; (2) a statement of facts pertinent to the issues; (3) a "succinct, clear, and accurate" summary of the arguments advanced; and (4) a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(b), (g), (h), (i). Nevertheless, out of an abundance of caution, and in our sole discretion, we will address the merits of Pohl's appellate issues as we understand them.

motion to amend his pleadings and to reconsider the dismissal. We affirm.

## I. BACKGROUND

Pohl, appearing pro se and in forma pauperis both in the trial court and on appeal, filed his original petition with the trial court on May 6, 2009. The petition named the following defendants: Tim Simmons, Warden of the Polunsky Unit; Daniel Dickerson, a TDCJ-ID employee; and "John and Mary Doe Unknowns." Pursuant to chapter 14 of the Texas Civil Practice and Remedies Code, Pohl filed an affidavit with the trial court in which he declared that he was unable to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002). Pohl also filed an affidavit, as required by chapter 14, detailing nineteen previous occasions upon which he initiated pro se litigation in various state and federal courts. *See id.* § 14.004 (Vernon 2002).

On May 11, 2009, the trial court dismissed the suit as frivolous, noting in its dismissal order that "the plaintiff . . . failed to state the operative facts for which relief was sought." Pohl then filed a "Motion to Amend and Reinstate," which the trial court denied. This appeal followed.[2]

## II. STANDARD OF REVIEW

When a trial court dismisses an inmate's suit as frivolous, we review that ruling under an abuse of discretion standard. *Jackson v. Tex. Dep't of Criminal Justice-Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied). To establish an abuse of discretion, Pohl must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case, or that the trial court acted without reference to any guiding rules and principles. *Lewis v. Johnson*, 97 S.W.3d 885, 887 (Tex. App.–Corpus Christi 2003, no pet.); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

---

[2] Appellees—defendants in the trial court—neither answered Pohl's petition nor filed an appellate brief with this Court.

## III. Discussion

By his first issue, Pohl apparently contends that the trial court erred by dismissing his suit. Section 14.003 of the civil practice and remedies code authorizes a trial court to dismiss any claim in a suit brought by an inmate under chapter 14 where the court finds that the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, the trial court may consider whether:

> (1)     the claim's realistic chance of ultimate success is slight;
>
> (2)     the claim has no arguable basis in law or in fact;
>
> (3)     it is clear that the party cannot prove facts in support of the claim; or
>
> (4)     the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b).

Here, the trial court determined that Pohl's petition failed to state the "operative facts" forming the basis for his request for relief. Upon reviewing Pohl's pleadings, we agree with that conclusion. Pohl's petition consists of a series of bald accusations of misconduct and conspiracy on the part of TDCJ-ID officials. Pohl appears to allege that his constitutional rights have been violated, but he does not specify the acts—or failures to act—upon which these claims are purportedly based. The petition does not, at any point, provide the trial court with any basis upon which it could award relief to Pohl. We conclude, therefore, that the trial court did not abuse its discretion by dismissing the suit as frivolous, because it clearly had "no arguable basis in law or in fact." *See id.* § 14.003(b)(2). Pohl's first issue is overruled.

By his second issue, Pohl appears to complain that the trial court erred by denying his motion to amend his original petition. To support this contention, Pohl cites *Miga v. Jensen* for the proposition that "[a] trial court has no discretion to deny a trial amendment unless the moving party shows surprise or prejudice." 25 S.W.3d 370, 380 (Tex. App.–Fort Worth 2000), *aff'd in part and rev'd in part*, 96 S.W.3d 207 (Tex. 2002). However, the

3

proposition of law stated in *Miga* is not applicable to cases brought under chapter 14. It is well-established that in such cases, a trial court may dismiss the suit without affording the inmate notice, opportunity to be heard, or opportunity to amend the petition. *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.–Tyler 1996, writ denied) (citing *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.–Tyler 1992, no writ); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 155 (Tex. App.–Houston [14th Dist.] 1990, no writ)). It is also noteworthy that Pohl's "Motion to Amend and Reinstate" was filed after the trial court rendered its dismissal order; further, even had the trial court chosen to reconsider its dismissal and grant Pohl the opportunity to amend his complaint, the proffered amendment failed—just as the original petition did—to state any operative facts upon which he sought relief.

We conclude trial court did not err by denying Pohl's request to amend his petition. Pohl's second issue is overruled.

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 19th day of November, 2009.

4