NUMBER 13-09-00406-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PHILIP J. POHL, Appellant,


v.


TIM SIMMONS, DANIEL DICKERSON, ET AL., Appellees.

 




On appeal from the 258th District Court 


of Polk County, Texas.

 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Garza



 Appellant, Philip J. Pohl, an inmate housed at the Polunsky Unit of the Texas
Department of Criminal Justice-Institutional Division ("TDCJ-ID"), appeals the trial court's
dismissal of his suit against various TDCJ-ID officials. By four issues, which we construe
as two, (1) Pohl contends that the trial court erred by dismissing his suit and by denying his
motion to amend his pleadings and to reconsider the dismissal. We affirm.

I. Background

 Pohl, appearing pro se and in forma pauperis both in the trial court and on appeal,
filed his original petition with the trial court on May 6, 2009. The petition named the
following defendants: Tim Simmons, Warden of the Polunsky Unit; Daniel Dickerson, a
TDCJ-ID employee; and "John and Mary Doe Unknowns." Pursuant to chapter 14 of the
Texas Civil Practice and Remedies Code, Pohl filed an affidavit with the trial court in which
he declared that he was unable to pay costs. See Tex. Civ. Prac. & Rem. Code Ann. §
14.002(a) (Vernon 2002). Pohl also filed an affidavit, as required by chapter 14, detailing
nineteen previous occasions upon which he initiated pro se litigation in various state and
federal courts. See id. § 14.004 (Vernon 2002).

 On May 11, 2009, the trial court dismissed the suit as frivolous, noting in its
dismissal order that "the plaintiff . . . failed to state the operative facts for which relief was
sought." Pohl then filed a "Motion to Amend and Reinstate," which the trial court denied. 
This appeal followed. (2)

II. Standard of Review

 When a trial court dismisses an inmate's suit as frivolous, we review that ruling
under an abuse of discretion standard. Jackson v. Tex. Dep't of Criminal Justice-Institutional Div., 28 S.W.3d 811, 813 (Tex. App.-Corpus Christi 2000, pet. denied). To
establish an abuse of discretion, Pohl must show that the trial court's action was arbitrary
or unreasonable in light of all the circumstances in the case, or that the trial court acted
without reference to any guiding rules and principles. Lewis v. Johnson, 97 S.W.3d 885,
887 (Tex. App.-Corpus Christi 2003, no pet.); see Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).


III. Discussion

 By his first issue, Pohl apparently contends that the trial court erred by dismissing
his suit. Section 14.003 of the civil practice and remedies code authorizes a trial court to
dismiss any claim in a suit brought by an inmate under chapter 14 where the court finds
that the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)
(Vernon 2002). In determining whether a claim is frivolous or malicious, the trial court may
consider whether:

(1) the claim's realistic chance of ultimate success is slight;


(2) the claim has no arguable basis in law or in fact;


(3) it is clear that the party cannot prove facts in support of the claim; or


(4) the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts.


Id. § 14.003(b).

 Here, the trial court determined that Pohl's petition failed to state the "operative
facts" forming the basis for his request for relief. Upon reviewing Pohl's pleadings, we
agree with that conclusion. Pohl's petition consists of a series of bald accusations of
misconduct and conspiracy on the part of TDCJ-ID officials. Pohl appears to allege that
his constitutional rights have been violated, but he does not specify the acts--or failures
to act--upon which these claims are purportedly based. The petition does not, at any
point, provide the trial court with any basis upon which it could award relief to Pohl. We
conclude, therefore, that the trial court did not abuse its discretion by dismissing the suit
as frivolous, because it clearly had "no arguable basis in law or in fact." See id. §
14.003(b)(2). Pohl's first issue is overruled.

 By his second issue, Pohl appears to complain that the trial court erred by denying
his motion to amend his original petition. To support this contention, Pohl cites Miga v.
Jensen for the proposition that "[a] trial court has no discretion to deny a trial amendment
unless the moving party shows surprise or prejudice." 25 S.W.3d 370, 380 (Tex. App.-Fort
Worth 2000), aff'd in part and rev'd in part, 96 S.W.3d 207 (Tex. 2002). However, the
proposition of law stated in Miga is not applicable to cases brought under chapter 14. It
is well-established that in such cases, a trial court may dismiss the suit without affording
the inmate notice, opportunity to be heard, or opportunity to amend the petition. Aguilar
v. Chastain, 923 S.W.2d 740, 745 (Tex. App.-Tyler 1996, writ denied) (citing Timmons v.
Luce, 840 S.W.2d 582, 586 (Tex. App.-Tyler 1992, no writ); Kendrick v. Lynaugh, 804
S.W.2d 153, 155 (Tex. App.-Houston [14th Dist.] 1990, no writ)). It is also noteworthy that
Pohl's "Motion to Amend and Reinstate" was filed after the trial court rendered its dismissal
order; further, even had the trial court chosen to reconsider its dismissal and grant Pohl the
opportunity to amend his complaint, the proffered amendment failed--just as the original
petition did--to state any operative facts upon which he sought relief.

 We conclude trial court did not err by denying Pohl's request to amend his petition. 
Pohl's second issue is overruled.

IV. Conclusion

 We affirm the judgment of the trial court. 


 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 19th day of November, 2009.
1. We note that Pohl's pro se appellate brief falls woefully short of the standards set for such briefs in
the Texas Rules of Appellate Procedure. See Tex. R. App. P. 38.1; see also Mansfield State Bank v. Cohn,
573 S.W.2d 181, 185 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable
procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."). 
Specifically, his brief lacks: (1) a table of contents "indicat[ing] the subject matter of each issue or point"; (2)
a statement of facts pertinent to the issues; (3) a "succinct, clear, and accurate" summary of the arguments
advanced; and (4) a "clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record." See Tex. R. App. P. 38.1(b), (g), (h), (i). Nevertheless, out of an abundance
of caution, and in our sole discretion, we will address the merits of Pohl's appellate issues as we understand
them.
2. Appellees--defendants in the trial court--neither answered Pohl's petition nor filed an appellate brief
with this Court.