Armando RAMOS, Sr. et al., Petitioners,

v.

Dr. Ian RICHARDSON & Valley Baptist Medical Center, et al., Respondents.

No. 06–0336.

Supreme Court of Texas.

June 29, 2007.

Armando Ramos Sr., pro se.

Jeffrey H. Uzick, Roger A. Berger, Uzick Oncken Scheuerman & Berger, Houston, Mark Ralls, Robert Ewert, Benjamin Charles Nichols, Gonzales Hoblit Ferguson, LLP, San Antonio, for Respondents.

**PER CURIAM.**

Petitioners Armando Ramos, an incarcerated pro se litigant, and members of his family originally brought medical malpractice actions against respondents Dr. Ian Richardson and Valley Baptist Medical Center. The trial court dismissed those suits on February 17, 2005, for noncompliance with the expert report requirements of section 74.351 of the Texas Civil Practice and Remedies Code. The petitioners appealed. The Texas Rules of Appellate Procedure required the notices of appeal to be filed by March 21, 2005. *See* TEX. R.APP. P. 26.1, 4.1(a).[1] The petitioners claim Ramos delivered signed notices of appeal to the prison's outgoing mailbox on March 9, 2005, for prison authorities to place in the United States mail. But the notices of appeal were not stamped "filed" by the clerk's office of the court of appeals until March 22, 2005. The court of appeals dismissed the appeals, holding it was without jurisdiction because the petitioners' notices of appeal were not timely filed within the plenary thirty-day period after entering judgment. 228 S.W.3d 714, 2006 WL 330044 (Tex.App.-Corpus Christi 2006, pet. filed); *see* TEX.R. CIV. P. 329b(d); TEX. R.APP. P. 26.1. We reverse the court of appeals' judgment and reinstate the appeals:

---

1. The court of appeals acted under the impression that the trial court's order became final on March 19, 2005. This is incorrect because March 19 fell on a Saturday. Rule 4.1(a) states:

    The day of an act, event, or default after which a designated period begins to run is not included when computing a period prescribed or allowed by these rules, by court order, or by statute. The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.

    TEX.R.APP. P. 4.1(a).

■ On March 4, 2005, the petitioners timely filed exceptions to the trial court's order of dismissal. The petitioners argue such exceptions extended the timetable for their notices of appeal to ninety days under Rule 26.1(a)(2) of the Texas Rules of Appellate Procedure. We need not address this argument because the petitioners waived it by failing to advance it in their petition for review. *See* TEX.R.APP. P. 55.2 (stating that a petitioner's brief on the merits must be confined to issues or points stated in the petition for review).

■ In the alternative, the petitioners argue their notices of appeal were timely filed under the "mailbox rule," which states a document is deemed timely filed if it is sent to the proper clerk by first-class mail in a properly addressed, stamped envelope on or before the last day for filing and is received not more than ten days beyond the filing deadline. TEX.R. CIV. P. 5; TEX.R.APP. P. 9.2(b)(1). Rule 9.2(b)(2) of the Texas Rules of Appellate Procedure, entitled "Proof of Mailing," adds the following:

> Though it may consider other proof, the appellate court will accept the following as conclusive proof of the date of mailing:
> (A) a legible postmark affixed by the United States Postal Service;
> (B) a receipt for registered or certified mail if the receipt is endorsed by the United States Postal Service; or
> (C) a certificate of mailing by the United States Postal Service.

TEX.R.APP. P. 9.2(b)(2). Rule 9.2(b)(2) makes it clear that the petitioners have the burden of providing some measure of proof that their notices of appeal were placed in the United States mail on or before March 21, 2005. Such proof is present in the record in the form of the filing letter accompanying the petitioners' notices of appeal and the certificate of service, which both state the notices of appeal were placed in the "outgoing prison mailbox" on March 9, 2005. The respondents argue that, for purposes of the "mailbox rule," placing the notices of appeal into the outgoing prison mailbox is not the equivalent of placing them into the United States mail. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 928 (Tex.1999) ("[W]hen the sender of a document relies on office routine or custom to support an inference that the document was mailed, the sender must provide corroborating evidence that the practice was actually carried out."). But we have held on more than one occasion that an inmate who does everything necessary to satisfy timeliness requirements must not be penalized if the document is ultimately filed tardily because of an error on the part of officials over whom the inmate has no control. *See, e.g., Williams v. T.D. C.J.-I.D.*, 142 S.W.3d 308, 309–10 (Tex.2004); *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex.2004). In *Williams*, for example, an inmate's docketing statement was not filed by the filing deadline solely because of an error by the clerk's office of the court of appeals. 142 S.W.3d at 309. Because the inmate "did everything necessary to comply with the rules," we held he could not be prejudiced. *Id.* at 310. And in *Warner*, we similarly declined to penalize an inmate who timely delivered a document to the prison mailbox. 135 S.W.3d at 684. In this case, the record indicates Ramos did everything necessary to comply with the rules by placing the notices of appeal in the outgoing prison mailbox on March 9, 2005. It is not clear when prison officials placed the notices of appeal in the United States mail, but because they were received by the clerk on March 22, 2005, it is logical to assume they were placed in the mail, as was required under the rules, on or before March 21, 2005. Though the respondents contend Ramos could just as easily have given the notices of appeal to a family member who filed them in person

after the March 21, 2005 deadline, there is nothing in the record to suggest that occurred.

Accordingly, we grant the petition for review and, without hearing oral argument, we reverse the court of appeals' judgment and reinstate the petitioners' appeals. *See* TEX.R.APP. P. 59.1.