IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1081-09





JAMES LYNN CAMPBELL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


POTTER COUNTY





 Johnson, J., delivered the opinion of the Court in which Keller, P.J.,
Price, Womack, Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Meyers,
J., did not participate.

 

O P I N I O N



 A jury convicted appellant of possession of a controlled substance, cocaine, in an amount of
four grams or more, but less than two hundred grams. The jury found two enhancement paragraphs
to be true and assessed punishment at ninety-nine years' incarceration in the institutional division
of the Texas Department of Criminal Justice. The court of appeals held that appellant's notice of
appeal was untimely filed and dismissed his appeal for want of jurisdiction. Campbell v. State, No.
07-09-0074-CR, 2009 Tex. App. LEXIS 2565 (Tex. App.-Amarillo, delivered April 15, 2009) (not
designated for publication). We conclude that the mailbox rule applies to incarcerated appellants
and grant relief.

 We granted appellant's sole ground for review, which he filed pro se: "The court of appeals
erred in holding that the mailbox rule filing and received by clerk after deposited within ten days
applied to indigent criminal defendants acting pro se." An amended brief has been filed by "Counsel
for Appellant." In that brief, appellant asserts that the court of appeals "erred in holding that the ten-day late-filing requirement, incorporated into Tex. R. Civ. P. 5 and Tex. R. App. P. 9.2, applies to
an indigent, incarcerated litigant acting pro se." He asks, "Should pro se, incarcerated litigants be
exempted from enforcement of the ten-day filing proviso embedded within Tex. R. Civ. P. 5 and
Tex. R. App. P. 9.2(b)(1)?"

 The court of appeals noted that it had informed appellant by letter that his notice of appeal
appeared to be untimely and that he had ten days to provide information necessary to determine its
jurisdiction. Campbell, supra. Appellant responded by informing the court of appeals that the
mailbox rule would be sufficient to establish that jurisdiction. Id. However, the court of appeals
concluded that the mailbox rule was unavailing to appellant because he and the record failed to
provide anything indicating that his new trial motion was timely received as required. Id. The court
of appeals accordingly dismissed appellant's appeal for want of jurisdiction. Id.

 "In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal." Tex.
R. App. P. 25.2(b). A criminal defendant who seeks to appeal must file a notice of appeal within
thirty days after either the day on which sentence is imposed or suspended in open court or the day
on which the trial court enters an appealable order, or within ninety days if the defendant timely files
a motion for new trial. Tex. R. App. P. 26.2(a). A motion for new trial is timely if it is filed "before,
but no later than 30 days after, the date when the trial court imposes or suspends sentence in open
court." Tex. R. App. P. 21.4(a).

 Appellant's sentence was imposed on November 18, 2008. Therefore, to have timely filed
notice of appeal, appellant had to have filed the notice within thirty days after that date, or within
ninety days after that date if he had timely filed a motion for new trial. Appellant's pro se motion
for new trial was file-stamped on December 31, 2008. In the certificate of service of that motion for
new trial, appellant declares, "under penalty of perjury," that the motion was placed in the prison
mailbox on December 18, 2008. December 18 was within thirty days of the November 18 day on
which the trial court imposed sentence. However, December 31 was more than thirty days after the
day on which sentence was imposed and more than 10 days after the date of mailing.

 On February 20, 2009, a notice of appeal of this case was filed by an attorney representing
appellant, and appellant, pro se, filed a notice of appeal on March 3, 2009. We observe that, in the
certificate of service of the pro se notice, appellant certifies that it "was served within ninety days
by mail postage prepaid" to the clerk of the specified Potter County district court on February 12,
2009. That certificate also states, "Mail box rule deemed filed at time delivered to prison
authorities."

 The state details the pertinent chronology of events as follows:

November 18, 2008: sentence imposed.


December 18, 2008: appellant deposited his pro se motion for new trial in the outgoing prison mail
receptacle, as represented in the motion's certificate of mailing.


December 31, 2008: the motion for new trial was filed with the district clerk.


February 12, 2009: appellant, as he represented in his certificate of service, mailed his pro se notice
of appeal to the district clerk.


March 3, 2009: appellant's pro se notice of appeal was filed by the district clerk.


(State's brief on the merits, p. 4.)

 The state also succinctly delineates the reasoning of the opinion of the court of appeals. It
notes that in "[c]ollating the procedural rule deadline for filing a new trial motion with the mailbox
rule, appellant's motion for new trial was required to be filed by December 29, 2008, [... and
b]ecause the district clerk did not actually receive the motion until December 31, it was untimely,
. . . and derivatively the notice of appeal received March 3, 2009[,] was untimely." (State's brief on
the merits, pp. 4-5.) It also notes that the court of appeals dismissed the appeal for want of
jurisdiction.

 Appellant asserts that pro se prisoners occupy a distinct niche in the appellate universe when
it comes to the crucial act of timely filing a document. He notes that such a litigant cannot select by
which method he chooses to accomplish filing. (Appellant's amended brief, p. 4.) He argues that
the pro se litigant "is condemned to place his trust in prison authorities" to deliver pleadings to the
proper filing agency and secure the necessary stamp of receipt. Id. After discussing Texas and
United States Supreme Court authority addressing pro se prisoner appellate filings in state and
federal cases, appellant suggests that this Court implement a "delivery to prison authorities" as the
moment of "filing" as a bright-line rule for determination of "timely filing." He suggests that such
a bright-line rule, triggered by an inmate's delivery to prison authorities, "is not susceptible to
questions about delay or lack of diligence which so often arise when the actions of the postal service
are called into play or inquiry is made about whether a file-stamped document was actually delivered
earlier but not promptly filed." Id. at 11.

 Appellant argues that if such delivery to prison authorities is treated as "filing" in this case,
his handwritten notation indicating actual delivery of the new trial motion to the prison mailbox on
December 18, 2008, satisfied the deadline for filing such motion, thus extending the deadline for
filing the actual notice of appeal to February 16, 2009. Appellant points out that his notice of appeal
contains his handwritten notation that it was deposited into the custody of prison authorities on
February 12, 2009, which was well within the filing deadline. Appellant asserts that his notice of
appeal was timely filed and that the court of appeals erred in finding that it was not. Appellant seeks
a holding that the date of delivery to prison authorities is determinative of the date of filing for pro
se incarcerated inmates as a bright-line rule for determination of timely filing.

 The state asserts that "[f]or jurisdictional purposes in perfecting appeal, the ten-day
requirement in the 'mailbox rule' should be uniformly applied, with no exception for pro se
inmates." (State's brief on the merits, p. 3.) It argues that "[a]ppellant has an adequate remedy
through habeas corpus to gain an out-of-time appeal." Id. Nevertheless, the state "does not dispute
that an inmate has 'mailed' a document when he delivers it to the appropriate prison official for
mailing by the day the document is due." Id. at 6. The state candidly acknowledges that "no reason
is found to dispute the veracity of appellant's certification [that] he placed his new trial motion in
the prison mail box on December 18, 2008," yet questions "whether that action was sufficient to
satisfy the 'mailing' component of the mailbox rule." Id. at 8. It urges this Court to "decline
appellant's invitation to engraft an inmate exemption on the ten-day receipt requirement in the
mailbox rule." Id. at 6.

 Because Texas Supreme Court and intermediate appellate court decisions (1) have held that
depositing a notice of appeal in a civil case in the outgoing prison mailbox and an inmate's delivery
of a notice of appeal from his conviction to jail officials is a "mailing," the state correctly assumes
that appellant timely mailed his new trial motion within thirty days of the imposition of sentence.
Id. at 9. As a corollary, the state also assumes that, had the clerk received the motion by December
29, it would have been timely, and that appellant's February 12, 2009 notice of appeal, had it been
received within ten days after the due date, would have been timely and would have been perfected
appeal. Id. However, the state maintains that appeal was not perfected because the clerk did not
receive the new trial motion or the notice of appeal within the ten-day grace period. Id. It contends
that strict application of the filing deadlines, including the ten-day receipt requirement, will preserve
the orderly administration of justice and suggests that appellant's remedy is to seek an out-of-time
appeal through habeas corpus. The state also suggests that carving out an exemption from the ten-day receipt requirement, as appellant proposes, would confound application of the procedural rules
such that an appeal could be perfected, no matter when a new trial motion or notice of appeal is
received; all that would be required is the inmate's certification that he delivered the pleading for
mailing by the due date, thus creating a potential for fraud, while exposing such fraud through prison
mail records would be cumbersome. Id. at 10. 

 The court of appeals acknowledged the mailbox rule and that appellant's certificate of
mailing indicated that "he gave the motion for new trial motion to prison authorities on December
18, 2008, thereby meeting the first portion of the mailbox rule." Campbell v. State, supra at **2-3. 
However, because the record did not reveal anything indicating that the motion was received by the
clerk within ten days of December 18, as required by Rule 5, the court of appeals held that the
mailbox rule was unavailing to appellant. Id.

Analysis

 The "prisoner mailbox rule" provides that a pro se prisoner is deemed to have filed his
properly addressed notice of appeal at the time it is delivered to the appropriate prison authorities
for forwarding to the clerk of the convicting court. Barbara J. Van Arsdale, J.D., Application of
"Prisoner Mailbox Rule" by State Courts under State Statutory and Common Law, 29 A.L.R.6th
237 (2007). In Texas, the mailbox rule is encompassed by Tex. R. App. P. 9.2(b) and Tex. R. Civ.
P. 5. Rule 9.2(b) provides that, if filed by mail, a document received within ten days after the filing
deadline is considered timely filed if: 1) it was sent to the proper clerk by United States Postal
Service first-class, express, registered, or certified mail; 2) it was placed in an envelope or wrapper
properly addressed and stamped; and 3) it was deposited in the mail on or before the last day for
filing. Rule 5 also provides that additional time to file is permitted, including specific provisions
that if any properly addressed and stamped document in an envelope or wrapper sent to the proper
clerk by first-class United States mail and deposited in the mail on or before the last day for filing,
and received by the clerk not more than ten days after the last day for filing, shall be filed by the
clerk and be deemed filed in time.

 Houston v. Lack, 487 U.S. 266 (1988), involved a prisoner who had filed a pro se petition
seeking a writ of habeas corpus in federal district court. After the district court entered judgment
dismissing the habeas petition, Houston, still acting pro se, deposited his notice of appeal with the
prison authorities for mailing to the district court twenty-seven days after the judgment, three days
before the thirty-day deadline for filing such notice. Although the record did not contain direct
evidence of the date on which the district court received the notice, that notice was stamped "filed"
on the thirty-first day after the district court's judgment was entered, i.e., one day after the expiration
of the thirty-day filing period for taking an appeal pursuant to the Federal Rules of Appellate
Procedure. Houston v. Lack, 487 U.S. at 268-69. The Supreme Court determined that Houston
"filed his notice within the requisite 30-day period when, three days before the deadline, he delivered
the notice to prison authorities for forwarding to the District Court." Id. at 270. It pointed out the
uniqueness of the situation of pro se prisoners seeking to appeal without the aid of counsel, as such
prisoners "cannot take the steps other litigants can take to monitor the processing of their notices of
appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day
deadline." Id. at 270-71. The Supreme Court further noted that "pro se prisoners have no control
over delays between the prison authorities' receipt of the notice and its filing, and their lack of
freedom bars them from delivering the notice to the court clerk personally." Id. at 273-74. It added
that "the moment at which pro se prisoners necessarily lose control over and contact with their
notices of appeal is at delivery to prison authorities, not receipt by the clerk[, ... and] a pro se
prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court
clerk." Id. at 275. As for concerns about increasing disputes and uncertainty over when a filing
occurred, the Court recognized that "[t]he pro se prisoner does not anonymously drop his notice of
appeal in a public mailbox-he hands it over to prison authorities who have well-developed
procedures for recording the date and time at which they receive papers for mailing and who can
readily dispute a prisoner's assertions that he delivered the paper on a different date." Id. "Because
reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the
date the pro se prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not
an uncertain one." Id. The Court concluded that the court of appeals had jurisdiction over Houston's
appeal "because the notice of appeal was filed at the time [he] delivered it to prison authorities for
forwarding to the court clerk." Id. at 276.

 The Supreme Court also pointed out that, "[u]nlike other litigants, pro se prisoners cannot
personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on
which the court received the notice." Houston v. Lack, 487 U.S. at 271. The Court also noted that
pro se prisoners are forced to entrust their appeals to the vagaries of the mail, while other litigants
who use that method can "place the notice directly into the hands of the United States Postal Service
(or a private express carrier); and they can follow its progress by calling the court to determine
whether the notice has been received and stamped, knowing that if the mail goes awry they can
personally deliver notice at the last moment or that their monitoring will provide them with evidence
to demonstrate either excusable neglect or that the notice was not stamped on the day the court
received it." Id. It also notes that "[p]ro se prisoners cannot take any of these precautions; nor, by
definition, do they have lawyers who can take these precautions for them."

 The Supreme Court recognizes that "[w]orse, the pro se prisoner has no choice but to entrust
the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and
who may have every incentive to delay." Id. "No matter how far in advance the pro se prisoner
delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped
'filed' on time." Id. (Emphasis in original.) "And if there is a delay the prisoner suspects is
attributable to the prison authorities, he is unlikely to have any means of proving it, for his
confinement prevents him from monitoring the process sufficiently to distinguish delay on the part
of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the
date received." Id. It also recognizes that "[u]nskilled in law, unaided by counsel, and unable to
leave the prison, [the pro se prisoner's] control over the processing of his notice necessarily ceases
as soon as he hands it over to the only public officials to whom he has access - the prison authorities
- and the only information he will likely have is the date he delivered the notice to those prison
authorities and the date ultimately stamped on his notice." Id. at 271-72.

 The Texas Supreme Court has declined to penalize a pro se inmate litigant who timely
delivered a document to the prison mailbox and has held that an inmate's petition be deemed filed
when placed with prison officials for mailing, i.e. when prison authorities receive the document to
be mailed. Ramos v. Richardson, 228 S.W.3d 671, 673 (Tex. 2007); Warner v. Glass, 135 S.W.3d
681, 684-85 (Tex. 2004). Like the United States Supreme Court, the Texas Supreme Court
recognized the unique circumstances of pro se inmate litigants. We also recognize those
circumstances.

 Like our sister courts, we decline to penalize a pro se inmate who timely delivers a document
to the prison mailbox. We find the analysis of the United States Supreme Court in Houston v. Lack
to be compelling. We see no reason for this Court to hold contrarily to both the United States and
Texas Supreme Courts. Therefore, we shall apply those considerations to an analogous situation,
such as the present case.

 We hold that the pleadings of pro se inmates shall be deemed filed at the time they are
delivered to prison authorities for forwarding to the court clerk. Accordingly, we reverse the
judgment of the court of appeals and remand this cause to that court for further proceedings
consistent with this opinion.


Delivered: September 22, 2010

Publish
1. See, e.g., Ramos v. Richardson, 228 S.W.3d 671 (Tex. 2007); Warner v. Glass, 135 S.W.3d 681 (Tex.
2004); and Villarreal v. State, 199 S.W.3d 30 (Tex. App. - San Antonio 2006, no pet.).