NO. 07-10-00370-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
20, 2010

 



 

IN THE INTEREST OF J.D.O., JR., A CHILD



 



 

 FROM THE 320TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 74,608-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER OF ABATEMENT

 

By letter of September 28, 2010, the
Court notified appellant Ja’Mario Oliver, Sr. that
the filing fee for his appeal had not been paid.  The filing fee was paid October 8, 2010.

Reviewing the limited documents
currently before us, we note the trial court’s order terminating appellant’s
parental rights was signed July 30, 2010. 
Notice of appeal was filed with the trial court on September 22.  The notice states it was “forwarded” on
September 15.  No motion for extension of
time to file notice of appeal was filed. 
See Tex. R. App. P. 26.3.

An appeal from an order terminating
the parent-child relationship is accelerated and governed by the rules for
accelerated appeals in civil cases.  Tex. Fam. Code Ann. § 109.002(a) (Vernon 2009).  Absent a motion for extension of time, the
notice of appeal in an accelerated appeal must be filed within twenty days
after the order is signed.  Tex. R. App. P. 26.1(b) and 26.3; In re K.A.F., 160 S.W.3d 923, 926-27 (Tex. 2005).  Under those rules, appellant’s notice of
appeal must have been placed in the prison mail system by August 19.  See
Ramos v. Richardson, 228 S.W.3d 671,
673 (Tex. 2007) (per curiam); Warner v. Glass, 135 S.W.3d 681, 686 (Tex. 2004) (per curiam) (both finding pleadings filed when received for
mailing by prison authorities); Tex. R. Civ. P. 5 (“mailbox rule”). 

            If
a notice of appeal is filed within six months of the day the order or judgment
appealed is signed, a restricted appeal is available provided the appellant:
(1) filed notice of appeal within six months of the district court’s order; (2)
was a party to the underlying suit; (3) did not participate in the dismissal
hearing; and (4) can demonstrate error apparent on the face of the record.  See
Tex. R. App. P. 26.1(c) and 30; Gold v.
Gold, 145 S.W.3d 212, 213 (Tex. 2004). 
An order terminating the parental rights of a person who was personally
served is not subject to collateral or direct attack after the sixth month
after the date the order of termination was signed.  Tex. Fam. Code Ann. §
161.211(a) (Vernon 2008).  Here,
the order states appellant received proper notice of the termination hearing
but “wholly made default.”   

We do not have jurisdiction over an
untimely appeal. See In re K.A.F., 160 S.W.3d at 927. We are obligated to review on our own
motion issues affecting jurisdiction.  M.O. Dental Lab v. Rape,
139 S.W.3d 671, 673 (Tex. 2004) (per curiam).  It appears appellant’s notice of direct
appeal may be untimely but also appears it might suffice as a notice of
restricted appeal.[1]  See
Tex. R. App. P. 30.  

The appeal is abated until further
order of the Court.  Appellant and appellee Texas Department of Family and Protective Services
are each directed to file a brief and any supporting materials addressing the
following issues: (1) whether a jurisdictional basis for treating appellant’s
case as a direct appeal exists; (2) whether a jurisdictional basis for treating
appellant’s case as a restricted appeal exists. 
Briefs and any supporting materials must be actually received by the clerk
of this Court no later than Friday, November 10, 2010.  Any document a party submits for filing with
the clerk of the Court shall be served on the other party, and proof of service
shown by a certificate on the document. 
Tex. R. App. P. 9.5.  The Court
will then determine its jurisdiction over the appeal.

            It is so
ordered.

                                                                                    Per
Curiam      

 

 











[1] It appears appellant did not timely file a statement
of the point or points to be appealed as required by Family Code § 263.405(b)(2),(i). Because our only inquiry
at this stage is our jurisdiction, we do not address that matter.