

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00254-CV

**JAMES C. FULLER,**

**Appellant**

 **v.**

**B. MOYA, ET AL,**

**Appellee**

From the County Court at Law
Walker County, Texas
Trial Court No. 9678-CV

## MEMORANDUM OPINION

James Charles Fuller, an inmate, filed suit against the Texas Department of Criminal Justice and TDCJ employees Benito Moya, Tommy Goodin, Freddie English, Floyd Hicks, an unnamed property officer for the Wynne Unit, and "Major Butcher." The trial court granted English's and Hicks's motion to dismiss, and dismissed Fuller's "cause of action" as frivolous "with prejudice to all claims." After the dismissal, other defendants were served and Fuller continued to litigate his claims with respect to those defendants. This Court found that the dismissal was not a final, appealable judgment.

The trial court then signed an order April 14, 2011 and dismissed the cause of action as frivolous "with prejudice as to all claims and parties, whether or not served with process, for failure to comply with Chapter 14 of the Texas Civil Practices and Remedies Code."

On July 11, 2011, Fuller filed a notice of appeal from the April 14 order. By letter dated July 15, 2011, the Clerk of this Court notified Fuller that the appeal was subject to dismissal because it appeared that the notice of appeal was untimely. *See* TEX. R. APP. P. 26.1. The Clerk also warned Fuller that the appeal would be dismissed unless, within 21 days of the date of this letter, a response was filed showing grounds for continuing the appeal.

The notice of appeal was required to be filed within 30 days of the judgment, May 14, 2011. [1] TEX. R. APP. P. 26.1. However, a motion for extension of time is implied when an appellant acting in good faith files a notice of appeal within the next 15 days after the notice of appeal is due. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A pro se inmate's notice of appeal that is placed in a properly addressed and stamped envelope or wrapper is deemed filed at the moment prison authorities receive the document for mailing. *See Ramos v. Richarson*, 228 S.W.3d 671 (Tex. 2007).

We received a response from Fuller; however, it does not provide grounds for continuing the appeal. The record before us does not show that Fuller delivered a

---

[1] We note that May 14, 2011 was a Saturday, and the notice of appeal would have been timely if filed on Monday, May 16. TEX. R. CIV. PRO. 4.

notice of appeal to prison authorities for mailing within 30 days of the judgment or within the next 15 days.

Accordingly, this appeal is dismissed. TEX. R. APP. P. 42.3.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. § 51.207(b); § 51.941(a) (West 2005); and § 51.208 (West Supp. 2010). Fuller did not pay the filing fees when presenting documents for filing. Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this appeal. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed by James Fuller.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed August 31, 2011
[CV06]