IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00254-CV

 

James C. Fuller,

                                                                                    Appellant

 v.

 

B. Moya, et al,

                                                                                    Appellee

 

 

 



From the County Court
at Law

Walker County, Texas

Trial Court No. 9678-CV

 



MEMORANDUM  Opinion



 

James Charles
Fuller, an inmate, filed suit against the Texas Department of Criminal Justice
and TDCJ employees Benito Moya, Tommy Goodin, Freddie English, Floyd Hicks, an
unnamed property officer for the Wynne Unit, and “Major Butcher.”  The trial
court granted English’s and Hicks’s motion to dismiss, and dismissed Fuller’s
“cause of action” as frivolous “with prejudice to all claims.”  After the
dismissal, other defendants were served and Fuller continued to litigate his
claims with respect to those defendants.  This Court found that the dismissal
was not a final, appealable judgment.  The trial court then signed an order
April 14, 2011 and dismissed the cause of action as frivolous “with prejudice
as to all claims and parties, whether or not served with process, for failure
to comply with Chapter 14 of the Texas Civil Practices and Remedies Code.”

On July 11, 2011, Fuller filed a notice
of appeal from the April 14 order. By letter dated July 15, 2011, the Clerk of
this Court notified Fuller that the appeal was subject to dismissal because it
appeared that the notice of appeal was untimely.  See Tex. R. App. P. 26.1.  The Clerk also
warned Fuller that the appeal would be dismissed unless, within 21 days of the
date of this letter, a response was filed showing grounds for continuing the
appeal.

The notice of appeal was required to be
filed within 30 days of the judgment, May 14, 2011. [1] 
Tex. R. App. P. 26.1.  However, a
motion for extension of time is implied when an appellant acting in good faith
files a notice of appeal within the next 15 days after the notice of appeal is
due.  Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).  A pro se
inmate's notice of appeal that is placed in a properly addressed and stamped
envelope or wrapper is deemed filed at the moment prison authorities receive
the document for mailing.  See Ramos v. Richarson, 228 S.W.3d 671 (Tex.
2007).

We received a response from Fuller;
however, it does not provide grounds for continuing the appeal.  The record
before us does not show that Fuller delivered a notice of appeal to prison
authorities for mailing within 30 days of the judgment or within the next 15
days.

            Accordingly, this appeal is
dismissed.  Tex. R. App. P. 42.3.

            Absent a specific exemption,
the Clerk of the Court must collect filing fees at the time a document is presented
for filing.  Tex. R. App. P.
12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees
(Amended Aug. 28, 2007, eff. Sept. 1, 2007).  See also Tex. R. App. P. 5; 10th
Tex. App. (Waco) Loc. R. 5; Tex.
Gov’t Code Ann. § 51.207(b); § 51.941(a) (West 2005); and § 51.208 (West
Supp. 2010).  Fuller did not pay the filing fees when presenting documents for
filing.  Under these circumstances, we suspend the rule and order the Clerk to
write off all unpaid filing fees in this appeal.  Tex. R. App. P. 2.  The write-off of the fees from the
accounts receivable of the Court in no way eliminates or reduces the fees owed
by James Fuller.

 

                                                                        AL
SCOGGINS

                                                                        Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed

Opinion
delivered and filed August 31, 2011

[CV06]

 

            








 









[1]
We note that May 14, 2011 was a Saturday, and the notice of appeal would have
been timely if filed on Monday, May 16.  Tex.
R. Civ. Pro. 4.