**Dismissed and Memorandum Opinion filed January 10, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-01206-CV

_____

### BORIS TWAIN CLEWIS, Appellant

### V.

### SCOTT K. BOATES, TEMPORARY ADMINISTRATOR WITH ANNEXED OF THE ESTATE OF REDELL CLEWIS, SR., DECEASED, Appellee

**On Appeal from Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 307,615-402**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed July 29, 2010. The appellant filed a motion for new trial on August 16, 2010. The notice of appeal was therefore due October 27, 2010. *See* Tex. R. App. P. 26.1.

The clerk's record contains no notice of appeal. This court ordered a supplemental clerk's record containing "any notice of appeal." The Harris County Clerk's office has certified there is no notice of appeal in its records.

Notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). The appellant filed a

response to the notification that fails to demonstrate that this court has jurisdiction to entertain the appeal.

Attached to the letter of assignment to this court is a cover letter, filed November 23, 2010, in which the appellant asserts that a notice of appeal was sent October 13, 2010. The appellant attached two more cover letters to his response to our notification of intent to dismiss—one filed October 24, 2010, and one dated January 17, 2011, which bears no file stamp. In both letters the appellant maintains that a notice of appeal was sent October 13, 2010.

An inmate is allowed the benefit of the mailbox rule based upon when the inmate placed the filing in the prison mail. *See Ramos v. Richardson*, 228 SW.3d 671 (Tex. 2007). This allowance is made when timeliness is at issue, not when a notice of appeal was never filed. *Id.* In *McCray v. Mulder*, No. 05-08-00420-CV, 2008 WL 2600700 (Tex. App. – Dallas 2008, pet. denied) (mem. op.), the court noted the prison mailbox rule is not applied "so broadly that an appellant's mere assertion of a timely mailing date would give us jurisdiction over an appeal regardless of when the document was actually received." In *McCray*, the notice of appeal was actually received, but outside the fifteen-day period provided by Rule 26.3. *See* Tex. R. App. P. 26.3 and *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997).

In this case, the record fails to show that any notice of appeal was ever filed. We find an assertion that a notice of appeal was mailed is insufficient to give us jurisdiction over an appeal. If a litigant could confer jurisdiction on this court by merely asserting that a notice of appeal had been filed without a notice actually appearing in the record, Rule 25, which requires the filing of a notice of appeal to perfect an appeal, would be meaningless. Tex. R. App. P. 25.

Accordingly, the appeal is ordered dismissed for want of jurisdiction.

PER CURIAM


Panel consists of Justices Brown, Boyce, and McCally.

2