**Opinion issued July 26, 2012**



**In The**

# Court of Appeals
**For The**

# First District of Texas

———————————

**NO. 01-12-00392-CV**

———————————

**BOLIVAR S. TAYLOR, Appellant**

**V.**

**JAMES P. KAREN, MONICA BROWN, SEAN WHITE, & JONES DAY LAW FIRM, Appellees**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 628011**

---

### MEMORANDUM OPINION

Appellant Bolivar S. Taylor attempts to appeal from the trial court's judgment signed January 17, 2012. Because appellant did not timely file his notice of appeal, we dismiss the appeal for want of jurisdiction.

The trial court rendered its final judgment on January 17, 2012. Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a). The special clerk's record on jurisdiction reflects that appellant did not timely file anything that extended the deadline to file the notice of appeal beyond the thirty day period provided for in Texas Rule of Appellate Procedure 26.1. *See* TEX. R. APP. P. 26.1(a)(1) (deadline to file notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law). Therefore, appellant's notice of appeal was due on or before February 16, 2012. Appellant did not file his notice of appeal until March 21, 2012, thirty-four days after his notice of appeal was due.[1] Appellant's notice of appeal was untimely filed. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1, 26.1.

---

[1] Appellant bears the burden of providing some measure of proof of the date that the notice of appeal was deposited with prison officials. *See Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007). However, appellant's notice of appeal does not contain a certificate of service or a statement regarding when the notice of appeal was given to a prison official. *See id.* Appellant's notice of appeal is dated March 15, 2012. Therefore, at the earliest, appellant's notice of appeal could have been deposited with prison officials on March 15, 2012, twenty-eight days after his notice of appeal was due.

On May 22, 2012, we requested a response from appellant to appellee's motion to dismiss for want of jurisdiction. Appellant filed a response, but it does not show grounds for continuing the appeal.[2]

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Sharp, and Huddle.

---

[2] Appellant claims that he timely filed a notice of appeal with the Fourteenth Court of Appeals dated February 9, 2012. However, if such a notice was filed with the Fourteenth Court of Appeals, the clerk of that court would have "immediately sen[t] the trial court clerk a copy of the notice." TEX. R. APP. P. 25.1(a). No such notice appears in the special clerk's record on jurisdiction received by this Court from the trial court clerk. The special clerk's record contains only two notices of appeal—appellant's first notice of appeal dated March 15, 2012, and a second notice of appeal which appellant captioned "Plaintiff Second Request for a Notice of Appeal" and dated April 3, 2012.