

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00062-CV

CORNELIUS R. SEPHUS #635586, APPELLANT

V.

SGT R. ROBERTSON ET AL, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 99,527-C, Honorable Ana Estevez, Presiding

June 17, 2013

# ORDER

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

In response to this Court's notice that the appellant's brief in this case was past due and permitting appellant pro se, inmate Cornelius R. Sephus, to file his brief on or before May 28, 2013, we received from appellant a document he identifies as "The Plaintiff Appellant's Brief."

The envelope in which the brief was delivered bore a postmark of May 29, 2013, the day after his deadline for filing the brief. Ordinarily, a strict application of the rules would mean that appellant's brief would not be considered timely. See TEX. R. APP. P.

9.2. However, based on the mailbox rule as it has been applied to this particular situation, we will consider appellant's brief as filed within the deadline the Court imposed on him. We do so because it appears from both the certificate of service attached to appellant's brief and the letter accompanying it addressing the Clerk of the Court that appellant delivered the document to the mail on May 25, 2013. Recognizing that pro se inmate litigants have no choice other than to place their legal mail in the hands of prison officials for processing, both the Texas Supreme Court and the Texas Court of Criminal Appeals have implemented a modified mailbox rule that measures the timeliness of a submission based up the date on which a pro se inmate litigant placed his document into the prison mail system. Warner v. Glass, 135 S.W.3d 681, 682, 684 (Tex. 2004) (per curiam); Campbell v. State, 320 S.W.3d 338, 343–44 (Tex.Crim.App. 2010).

Here, it would appear that appellant placed his document in the mail on May 25, 2013. Cf. Ramos v. Richardson, 228 S.W.3d 671, 673 (Tex.Crim.App. 2007) (per curiam) (referring to certificate of service and letter accompanying filing as proof of date when mail was placed in prison mail system). Based on that representation, we conclude the appellant's brief has been timely received by the Clerk of this Court per the mailbox rule as applied by Warner. See Tex. R. App. P. 9.2; Warner, 135 S.W.3d at 684.

Nonetheless, the Court has directed the Clerk of the Court to reject the brief for filing. Appellant's brief fails to comply with the applicable rules of procedure in nearly every formal and substantive aspect. See Tex. R. App. P. 38.1. Of the most notable defects is one of substance: appellant makes no attempt to advance a discernible basis

upon which the Court could reverse the trial court's order dismissing his case for want of prosecution; instead, he urges the merits of his suit against various prison officials for a variety of misdeeds and ongoing maltreatment of appellant. Again, we see nothing urging why the trial court erred by dismissing his case for want of prosecution. Even construing appellant's brief liberally as we are directed to do, appellant's brief fails to comply with the rules and is hereby rejected on that basis. See TEX. R. APP. P. 38.9.

Considering that we have a timely but noncompliant brief that has been tendered, we issue this order allowing appellant a final chance to file a brief that is both timely and compliant with the applicable rules of appellate procedure. See TEX. R. APP. P. 38.9(a), (b). Appellant's redrafted brief must be filed on or before July 8, 2013.

Upon appellant's failure to timely file a brief which substantially complies with the rules, this Court will strike said brief, prohibit appellant from filing another, and proceed as though appellant had failed to file a brief at all. See TEX. R. APP. P. 38.9(a). In that event, the Court is authorized to dismiss this appeal for want of prosecution. See TEX. R. APP. P. 38.8(a)(1).

Per Curiam.