

## NUMBER 13-13-00161-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI − EDINBURG

---

**FRED HOFFMAN,**                                            **Appellant,**

**v.**

**KANDI TORRES, ET. AL.,**                                **Appellees.**

---

### On appeal from the 343rd District Court
### of Aransas County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Longoria

By one issue, appellant Fred Hoffman III, an inmate proceeding pro se, appeals

the trial court's order dismissing his suit against appellees[1] for frivolousness and for

---

[1] Appellees are a group of named and unnamed employees of the Texas Department of Criminal McConnell Justice Unit in Beeville, Texas, where appellant is incarcerated. The full list of appellees is: Kandi Torres, K. Collins, Teresa Myers, Jennifer Sellers, "Jane and John Does of the McConnell Unit Mailroom," "Jane and John Does of the Director's Review Committee" of the McConnell Unit, Oliver Bell, Brad Livingston, and the "Mail System Coordinator Panel" of the same unit. The trial court dismissed

failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2002). We affirm.

## I. BACKGROUND

Appellant, an inmate in the Texas Department of Criminal Justice McConnell Unit in Beeville, Texas, filed suit alleging that appellees: (1) conspired to steal and actually stole stamps from him; (2) "denied" appellant legal papers and photographs that were mailed to him; (3) failed to process and respond to his grievances; (4) retaliated against appellant for making use of the grievance system; and (5) fraudulently made false statements on "denial forms." Appellant argued that these actions violated his right to freedom of speech and constituted fraud and conspiracy to commit fraud, retaliation, "vigilante discrimination," theft and conspiracy to commit theft, official oppression, and violation of the federal RICO law.

The trial court requested and received an amicus curiae brief from the Office of the Texas Attorney General. *See id.* § 14.009. The Attorney General recommended that appellant's lawsuit be dismissed on multiple grounds, including frivolousness and failure to comply with multiple provisions of Chapter 14 of the Texas Civil Practice and Remedies Code. *See id.* §§ 14.001–.014. This appeal followed.[2]

---

appellant's suit before any of the appellees were served. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a) (West 2002) (allowing for dismissal of a claim brought under chapter 14 "either before or after service of process").

[2] The Attorney General again filed an amicus curiae brief in this Court recommending that we affirm the trial court's order.

## II. ANALYSIS

### A. Jurisdiction

The State, acting as amicus, raises the possibility that this Court does not possess jurisdiction over this appeal because appellant's notice of appeal was filed more than thirty days after the trial court signed the judgment. *See* TEX. R. APP. P. 26.1 (stating a notice of appeal must be filed within thirty days after the final judgment is signed).

The Texas Supreme Court has adopted a "prisoner mailbox rule" under which a prisoner's petition is deemed "filed" on the date when "the prison authorities duly receive the document to be mailed." *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004); *see Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (extending the "prisoner mailbox rule" to inmate litigation that is not subject to Chapter 14 of the Texas Civil Practice and Remedies Code). The inmate has the burden of providing "some measure of proof" of the date he turned his pleading over to the prison authorities. *Enriquez v. Livingston*, 400 S.W.3d 610, 621–22 (Tex. App.—Austin 2013, pet. denied) (citing *Ramos*, 228 S.W.3d at 673). The Texas Supreme Court has in the past accepted statements contained in the certificate of service as adequate proof. *Id.*

The district court signed the final judgment in this case on February 5, 2013, making appellant's notice of appeal due March 6, 2013. *See* TEX. R. APP. P. 26.1. Appellant's notice of appeal was filed with this Court on March 18, 2013, the day that it was received. Appellant stated in his certificate of service that he mailed his notice of appeal to this Court on March 4 "via U.S. mail, postage prepaid." Appellant, therefore, provided "some measure of proof" of the date he mailed his petition by stating the date

3

of mailing in the certificate of service. *See Enriquez*, 400 S.W.3d at 621–22. The State does not contest the statement in appellant's certificate of service. Accordingly, we conclude that we do possess jurisdiction over this appeal. *See id.*

## B. Dismissal of Appellant's Suit

By one issue, appellant argues that the trial court abused its discretion by dismissing his petition because the trial court did not list the specific ways in which appellant's petition did not comply with chapter 14 and did not permit appellant an opportunity to remedy the defects in his petition.

### 1. Standard of Review and Applicable Law

Litigation in which an inmate files an affidavit or unsworn declaration of inability to pay costs, as in this case, "is governed by special procedural rules set out in chapter fourteen of the civil practice and remedies code." *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2003, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. We review a dismissal of an inmate lawsuit brought under chapter 14 for abuse of discretion. *Thomas*, 52 S.W.3d. at 294. "To establish abuse of discretion, the complaining party must show that the trial court's action was arbitrary or unreasonable in light of all of the circumstances of the case." *Id.* A trial court does not abuse its discretion by failing to state in its order the specific grounds for dismissing a case for noncompliance with chapter 14. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet denied); *Amir-Sharif v. Quarterman*, No. 13-09-00504-CV, 2010 WL 3279501, at *3 (Tex. App.—Corpus Christi Aug. 19, 2010, pet. denied) (mem. op.).

4

Inmates must receive a decision from the "highest authority" in the prison grievance system before filing a claim in state court. TEX. GOV'T CODE ANN. § 501.008(d) (West 2004). Furthermore, an inmate must file a claim in state court "before the 31st day after the date the inmate receives the written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). "A suit that is not timely filed pursuant to Section 14.005(b) is barred and may be dismissed with prejudice." *Simmon v. Harrison*, 387 S.W.3d 812, 814–15 (Tex. App.—Eastland 2012, no pet.); *see Moreland v. Johnson*, 95 S.W.3d 397, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

### 2. Discussion

Appellant argues that the trial court erred by not listing the specific defects in appellant's original petition and by not giving him an opportunity to amend.

Regarding the first part of appellant's issue, the trial court does not abuse its discretion by failing to describe in its order specifically how an inmate's petition does not comply with chapter 14. *Retzlaff*, 94 S.W.3d at 654; *Amir-Sharif*, 2010 WL 3279501, at *3. Regarding the second part of appellant's issue, a trial court could abuse its discretion by failing to give an opportunity to amend, but only if the defects in the petition were correctable. *See Leachman v. Dretke*, 261 S.W.3d 297, 306 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g). Appellant filed seven grievance forms with his original petition, but the additional grievances do not raise any issues that were not raised in the first Step One and Step Two forms.[3] Accordingly, we will determine if

---

[3] Appellant alleged in one of his subsequent grievances that the mailroom staff again stole a set of stamps that appellant placed in a letter that he mailed to his fiancée. The response on the Step Two form states that the mailroom had discovered the stamps and returned them, and appellant does not contest that fact here.

appellant timely filed his claim from the dates of his original grievance forms. *See* TEX. CIV. PRAC. & REM. CODE § 14.005(b) (providing that a court "shall" dismiss a claim if the inmate fails to file it within thirty-one days after "the inmate receives the written decision from the grievance system").

Appellant's original Step Two Grievance Form is marked as having been returned to him on May 17, 2012. Under chapter 14, appellant was required to file his claim with the district court within thirty-one days, which in this case fell on June 17, 2012. *See id.* Appellant stated that his original petition was mailed on July 3, 2012, sixteen days after the deadline. If an inmate's claim is not filed within the time limit in section 14.005(b), the trial court "has no discretion but to dismiss the lawsuit." *Lewis v. Johnson*, 97 S.W.3d 885, 888 (Tex. App.—Corpus Christi 2003, no pet.). Because the chapter 14 defect in appellant's lawsuit could not be remedied, we conclude that the court did not abuse its discretion in dismissing appellant's lawsuit. *See id.*; *see also Simmon*, 387 S.W.3d at 814–15; *Moreland*, 95 S.W.3d at 395.

Appellant's issue is overruled.

### III. CONCLUSION

We affirm the order of the trial court.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
26th day of September, 2013.