**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:           Fernando Haffid Camero v. Samantha Jo Camero

Appellate case number:     01-15-00860-CV

Trial court case number:    76468-F

Trial court:                          300th District Court of Brazoria County

On October 1, 2015, appellant, Fernando Haffid Camero, proceeding *pro se* and incarcerated, filed a notice of appeal in this Court, which was forwarded to the trial clerk and filed there on October 9, 2015, from the final decree of divorce, signed on August 10, 2015. *See* TEX. R. APP. P. 25.1(a). On November 16, 2015, appellant filed an affidavit of indigence for appellate costs in this Court in the above-referenced appeal, which the Clerk of this Court referred to the trial clerk to be filed and requested an indigent clerk's record. *See id.* 20.1(a)(2), (c)(1), (d), 25.1(a). On December 20, 2015, the reporter's record was filed in this Court. On January 4, 2016, the trial clerk filed a clerk's record in this Court and a separate letter, also dated January 4, 2016, stating that there was no contest to appellant's affidavit of indigence filed in the trial court. *See id.* 20.1(e)(1).

Accordingly, the allegations in the affidavit of indigence are deemed true, and appellant is entitled to proceed without advance payment of appellate costs. *See* TEX. R. APP. P. at 20.1(f). However, because both the reporter's and clerk's records have already been filed in this Court, the Clerk of this Court is **ORDERED** to deem the appellant indigent and that he is allowed to proceed on appeal without advance payment of costs for purposes of the appellate filing fee and the clerk's and reporter's record fees.

In addition, after reviewing the notice of appeal and clerk's record, it appears that appellant's notice of appeal, dated September 28, 2015, but received in this Court on October 1, 2015, from the August 10, 2015 divorce decree, may not have been timely filed. *See* TEX. R. APP. P. 25.1(a), 26.1. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

The appellant must, however, offer a reasonable explanation, in this Court, for failing to timely file the notice. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Hone v. Hanafin*, 104 S.W.3d 884, 886-87 (Tex. 2003); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). Without a timely filed notice of appeal within the 15-day grace period, no extension can be implied because this Court would lack jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1, 26.1, 26.3(b); *Verburgt*, 959 S.W.2d at 617–18.

However, because appellant is a *pro se* inmate, the "prisoner mailbox rule" may apply. Under the "mailbox rule," a document is "deemed timely filed if it is sent to the proper clerk by first-class mail in a properly addressed stamped envelope on or before the last day for filing and is received not more than ten days beyond the filing deadline." *Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (per curiam) (citing TEX. R. CIV. P. 5 and TEX. R. APP. P. 9.2(b)(1)); *see also Campbell v. State*, 320 S.W.3d 338, 342, 344 (Tex. Crim. App. 2010) (explaining "prisoner mailbox rule" by "hold[ing] that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk."). The appellant has the burden of "providing some measure of proof that [his] notice[] of appeal w[as] placed in the United States mail on or before [the deadline]," such as a "record in the form of the filing letter accompanying the [appellant's] notice[] of appeal" stating the date the notice of appeal was placed in the "outgoing prison mailbox." *Ramos*, 228 S.W.3d at 673; *see also Houser v. McElveen*, 243 S.W.3d 646, 646-47 (Tex. 2008) (per curiam) (holding that inmate-appellant's "notice of appeal was deemed filed on the day he mailed it [35 days after judgment was signed], since it was received one day after the 15-day deadline, . . . and a motion for extension was thereby implied. . . .") (internal citations omitted).

Accordingly, the Court **ORDERS** appellant to file a motion for extension of time with the Clerk of this Court, providing a reasonable explanation why his notice of appeal should be deemed timely under the "prisoner mailbox rule," including proof of when appellant placed the notice in the outgoing prison mailbox. *See Houser*, 243 S.W.3d at 646-47; *Ramos*, 228 S.W.3d at 673. If appellant fails to file this motion **within 30 days of the date of this Order**, the appeal may be dismissed for want of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(a), (c).

Finally, to assist the *pro se* appellant with his motion, if any, the Court **ORDERS** the trial court clerk, no later than **10 days** from the date of this Order, to provide a copy of the appellate records to the appellant. The trial court clerk shall further certify to this Court, **within 15 days** of the date of this Order, the date when delivery is made.

It is so ORDERED.

Judge's signature:  <u>Laura C. Higley</u>
              ☑ Acting individually    ☐ Acting for the Court
Date: <u>January 21, 2016</u>