

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00342-CV

_____

EDDIE LACY STIVERS III, Appellant

V.

JERRY HOLMES, Appellee

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. D297-S-12155-13

Before Gabriel, Kerr, and Pittman, JJ.
Per Curiam Memorandum Opinion on Rehearing

## MEMORANDUM OPINION ON REHEARING

On January 10, 2019, we dismissed appellant Eddie Lacy Stivers III's attempted appeal from the trial court's July 18, 2018 final summary judgment. Specifically, we concluded that Stivers had failed to pay the required filing fee after we had twice requested his compliance. *See* Tex. R. App. P. 42.3(c), 44.3. The next day, Stivers filed a letter, which we construed to be a motion for rehearing, arguing that he had sought to proceed without the payment of costs in the trial court. *See* Tex. R. Civ. P. 145; Tex. R. App. P. 19. Because the clerk's record seemed to support Stivers's assertion, we requested a response from appellee Jerry Holmes. *See* Tex. R. App. P. 49.2.

Holmes responded and argued that Stivers's appeal was subject to dismissal for nonpayment because he did not fix the identified defect within a reasonable time after our notifications. But upon further review of the record, we have determined that we do not have jurisdiction over this appeal.

The trial court signed its final summary judgment on July 18, 2018, making any motion for new trial due on or before August 17, 2018. *See* Tex. R. Civ. P. 329b(a). Stivers's motion for new trial was filed in the trial court on August 22, 2018, but the one-day priority envelope shows that it was received by the United States Postal Service on August 17, 2018; thus, it was timely filed. *See* Tex. R. Civ. P. 5. Accordingly, Stivers's notice of appeal was due on or before October 16, 2018. *See* Tex. R. App. P. 26.1(a).

2

The notice of appeal was filed in the trial court on October 22, 2018. The envelope shows that it was postmarked by the United States Postal Service in Austin, Texas, on October 18, 2018, two days after the appellate deadline. Stivers stated in the certificate of service that he "served a copy of Notice of Appeal on the Parties listed below by First Class U.S. mail" on October 16, 2018. But the postmark is "conclusive proof of the date of mailing." Tex. R. App. P. 9.2(b)(2)(A).

We recognize that because the perfecting instrument was filed within fifteen days of the appellate deadline, an extension motion is implied. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). But Stivers still had the duty to come forward with a reasonable explanation to support the late filing, which he has not done. *Id.* at 617; *Woodard v. Higgins*, 140 S.W.3d 462, 462–63 (Tex. App.—Amarillo 2004, no pet.). Before notifying Stivers of his failure to pay the filing fee, we also notified him that his notice of appeal was not timely filed and questioned our jurisdiction. *See* Tex. R. App. P. 42.3, 44.3. Stivers responded, relying on "the mail box rule" to render his notice timely, and submitted an affidavit stating, "I personally deposited the Notice of Appeal in a U.S. Postal Service box on October 16th, 2018, by first-class mail, affixed with proper postage and addressed to the proper clerk."[1] Stivers did not address the conclusive proof of the actual October 18 mailing date from Austin, Texas, which was included in the clerk's record and attached to his jurisdictional response. Stivers's

[1]We take judicial notice that October 16, 2018, was a Tuesday. *See* Tex. R. Evid. 201.

3

unilateral assertion of a mailing date that is clearly controverted by conclusive proof, without more, does not provide a reasonable explanation justifying an extension. *See* Tex. R. App. P. 10.5(b), 26.3; *Stephens v. Stephens*, No. 2-10-197-CV, 2010 WL 3433108, at \*2 (Tex. App.—Fort Worth Aug. 31, 2010, no pet.) (per curiam mem. op.).

We also recognize that Stivers is incarcerated and cannot be penalized for delays in the prison mail system. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004). Thus, if Stivers had placed his notice of appeal "in the prison mail system," it would be "deemed filed at the time the prison authorities duly receive[d] the document to be mailed." *Id.* But at no point did Stivers assert that he gave either his motion for new trial or notice of appeal to prison authorities. Stivers has never affirmatively stated or even implied that he mailed the notice of appeal by placing it in the prison mail system or by otherwise giving it to prison authorities. *Cf. Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (holding notice of appeal timely filed because pro se litigant stated on certificate of service that it was placed in the "outgoing prison mailbox" by the appellate deadline). Not in his certificates of service, not in his affidavits, and not in his jurisdictional response. Stivers did not do "everything necessary to comply with the rules" and we cannot give him the benefit of the prison mailbox rule when he does not state that he availed himself of the prison mailbox. *Id.* Stivers's incarceration, without more, does not establish that he used the prison mail system. *Cf. Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 928 (Tex. 1999) ("[W]hen the sender of a document relies on office routine or custom to support an inference that

4

the document was mailed, the sender must provide corroborating evidence that the practice was actually carried out.").

We conclude that because Stivers failed to timely file a notice of appeal or provide a reasonable explanation of why he failed to do so, we have no jurisdiction over this appeal. *See, e.g.*, *Woodard*, 140 S.W.3d at 462–63. We withdraw our January 10, 2019 opinion and judgment dismissing the appeal for the failure to pay a filing fee, substitute this opinion in its place, and deny the motion for rehearing. We dismiss Stivers's attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: February 28, 2019

5