

# Fourth Court of Appeals
## San Antonio, Texas

May 11, 2021

No. 04-21-00044-CV

**$14,832.00 UNITED STATES CURRENCY; AND ONE (1) 2010 MERCEDES AND CERTAIN PROPERTY,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-17767
Honorable Cynthia Marie Chapa, Judge Presiding

# O R D E R

The trial court signed a final judgment on December 4, 2020. Because appellant did not file a motion for new trial, motion to modify the judgment, motion for reinstatement, or request for findings of fact and conclusions of law, the notice of appeal was due to be filed on January 3, 2021. *See* TEX. R. APP. P. 26.1(a). Appellant filed his notice of appeal on January 15, 2021.[1] A motion for extension of time to file the notice of appeal was due on January 18, 2021. *See* TEX. R. APP. P. 26.3. Although appellant filed a notice of appeal within the fifteen-day grace period allowed by Rule 26.3, he did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the

---

[1]The clerk's record shows appellant is a pro se inmate. Appellant's notice of appeal contains a certificate of service stating the notice of appeal was mailed on January 15, 2021. When a pro se inmate places a pleading or a similar document in a properly addressed and stamped envelope, the document is deemed filed at the moment prison authorities receive the document for mailing. *See Warner v. Glass*, 135 S.W.3d 681, 682 (Tex. 2004) (holding a pro se inmate's petition was deemed filed when it was placed in a properly addressed and stamped envelope and received by prison authorities for mailing); *see also Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (holding a certificate of service provided the required proof of compliance with the "prisoner mailbox rule").

predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C).

We, therefore, ORDER appellant to file, on or before **June 11, 2021**, a response presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. If appellant fails to respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c).

Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of May, 2021.

MICHAEL A. CRUZ, Clerk of Court